UNITED STATES of America, Appellee,

v.

Patrick Anthony THOMPSON, Appellant.

No. 92–3017.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 15, 1993.

Decided June 11, 1993.

Peter H. Meyers, Salem, OR (appointed by this court) argued the cause, for appellant.

Thomas Tourish, Asst. U.S. Atty., argued the cause for appellee. On the brief were Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher, Elizabeth Trossman, Kirby D. Behre and Margaret R. Batten, Asst. U.S. Attys., Washington, DC.

Before EDWARDS, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LECRAFT HENDERSON.

KAREN LECRAFT HENDERSON, Circuit Judge. .

Appellant Patrick A. Thompson was convicted by a jury of possessing with intent to distribute five or more grams of cocaine base (crack) and was sentenced to 110 months' imprisonment. Thompson appeals both his conviction, on the ground the judge erroneously refused to give a lesser included offense instruction, and his sentence, on the ground he was assigned an incorrect criminal history category. Finding no reversible error, we affirm both the conviction and the sentence.

The facts underlying Thompson's conviction are as follows. On June 19, 1991, police officers saw Thompson slowly driving a truck without a front license plate through a parking lot. The truck stopped near a pay telephone and the lone passenger got out and made a phone call. Meanwhile, the officers approached the truck, instructed Thompson to shift into neutral gear and asked to see his

driver's license. Thompson responded that he did not have one and was arrested for driving without a license. A search of his person produced a telephone pager and $553 in cash, most of which was folded into bundles of five twenty-dollar bills. Upon questioning, the passenger, Troy Sawyer, told the officers the truck was his and produced registration papers in his mother's name. The officers obtained Sawyer's consent to search the truck and found a plastic bag containing 60 rocks of 69% pure crack, weighing 10.09 grams, inside the console between the front bucket seats. The officers then arrested Sawyer and took both men to the stationhouse where Thompson's pager registered approximately twelve calls from ten different numbers in the course of 20–30 minutes.

Both Thompson and Sawyer were indicted on one count of possessing with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) and 18 U.S.C. § 2.[1] When Sawyer failed to attend a pretrial hearing, a bench warrant was issued for his arrest and Thompson proceeded to trial alone.[2] On October 25, 1991 a jury found Thompson guilty as charged and on January 8, 1992 the district court sentenced him to a prison term of 110 months to be followed by four years of supervised release. As already noted, Thompson appeals both his conviction and his sentence. We reject each challenge.

▮ First, Thompson appeals his conviction on the ground the district court erroneously refused to give the jury his requested instruction on the lesser included offense of simple possession of less than five grams of crack. To the extent that Thompson's argument addresses the amount of crack identified in the instruction, it may be summarily rejected because the amount of drugs possessed is not an element to be charged to or found by the jury but rather a fact to be determined by the sentencing judge. *See United States v. Garrett*, 959 F.2d 1005, 1006 n. 1 (D.C.Cir.1992) (21 U.S.C. § 841(b)(1)(B)(iii) and 841(b)(1)(C) "are pen-

alty provisions and not components of any substantive offense"); *United States v. Patrick*, 959 F.2d 991, 996 n. 5 (D.C.Cir.1992) ("[W]e note, as have numerous other courts, that the quantity of drug possessed is not a constituent element of the offense of possession with intent to distribute under 21 U.S.C. § 841(a). Quantity is relevant only to punishment; the district judge, and not the jury, makes this determination."); *United States v. Lam Kwong–Wah*, 966 F.2d 682, 685 (D.C.Cir.) ("This court, however, recently joined the majority of other circuits holding that the quantity of drugs involved in a conspiracy or distribution charge is not a basic element of the offense, but is rather a sentencing factor to be determined by the judge.") (citing *Patrick*), cert. denied, —— U.S. ——, 113 S.Ct. 287, 121 L.Ed.2d 213 (1992). Insofar as Thompson appeals the judge's failure to instruct on simple possession, he raises a more substantial challenge but one which also fails.

The law governing lesser included offense instructions is well established in this Circuit:

Under settled law, a criminal defendant is entitled to an instruction on a lesser included offense "if there is any evidence fairly tending to bear upon the lesser included offense 'however weak' that evidence may be." *United States v. Thornton*, 746 F.2d 39, 47 (D.C.Cir.1984), quoting *Belton v. United States*, 382 F.2d 150, 155 (D.C.Cir.1967).

However, the refusal to give such an instruction is not error in two situations: first, where the defenses offered at trial are purely exculpatory, and if believed would lead only to acquittal; and second, where the evidence is such that the jury could not rationally find the defendant guilty of the lesser offense. *United States v. Thornton, supra,* 746 F.2d at 47.

*United States v. Payne*, 805 F.2d 1062, 1067 (D.C.Cir.1986). We conclude there was no error here in the trial judge's refusal to give the requested lesser included offense instruction because Thompson's entire defense

---

1. A second count charging possession of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), was dismissed before trial.

2. Sawyer was later tried and acquitted.

strategy was "exculpatory," designed to persuade the jury the crack in the truck belonged to Sawyer, not Thompson, and to provide an innocent explanation for Thompson's possession of the pager and the large amount of cash. Thompson's sole witness, his mother, testified that she had given him $451 the day of the arrest to obtain a money order to pay her rent and that the pager belonged to Thompson's girlfriend. The only other defense evidence consisted of a docket entry relating to the bench warrant for Sawyer's arrest and a copy of Sawyer's previous cocaine distribution conviction, both obviously intended to implicate Sawyer. In short, all of the defense evidence, as well as defense counsel's cross-examination and opening and closing arguments, was aimed at disproving possession and producing an acquittal.[3] Because Thompson's trial defense was "purely exculpatory," we conclude the trial court committed no error in declining to give the requested lesser included offense instruction.[4]

■ Next, Thompson asserts the trial judge erred in sentencing by assigning him an incorrect criminal history category under section 4A1 of the United States Sentencing Guidelines (U.S.S.G.). We find this argument also without merit.

**3.** Counsel's single passing remark during opening argument that "the government is not even close to having the proof beyond a reasonable doubt that Mr. Sawyer—that Mr. Thompson—Mr. Sawyer is a different issue—that Mr. Thompson *possessed or possessed with the intent to distribute* the alleged drugs found in the car," Trial Tr. I–94 (emphasis added), cannot, as Thompson now urges, be reasonably construed as offering an alternative defense of simple possession.

**4.** Because we dispose of this challenge on the ground that Thompson's defense was entirely exculpatory, we need not decide whether the refusal to charge simple possession was proper as well because "the evidence is such that the jury could not rationally find the defendant guilty of the lesser offense." *Payne*, 805 F.2d at 1067. We reject out of hand, however, Thompson's suggestion that the jury could rationally attribute to Thompson "knowledge and intent to possess less than 5 grams of the cocaine for his personal use," Reply Brief at 2, which arbitrarily distributes the crack between the two men in unequal proportions. *Cf. United States v. Levy*, 904 F.2d 1026, 1031 (6th Cir.) (where two of three defen-

Section 4A1.1 sets out the following framework for determining a convicted defendant's criminal history category:

### Criminal History Category

The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

dants were convicted of possession with intent to distribute 17.9 grams of crack found in single bag outside car, neither was entitled to lesser included offense instruction on simple possession "because there was no evidence produced at trial that would have allowed a rational trier of fact to determine that out of the three occupants of the car, [the two convicted defendants] each possessed a separate unit" or "that would have permitted a rational trier of fact to determine which unit each defendant possessed"), *cert. denied*, 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1990); *United States v. Espinosa*, 827 F.2d 604, 615 (9th Cir.1987) ("Assuming that there was constructive possession, the jury could not rationally conclude that there was no intent to distribute" because of amount of drugs and lack of "evidence that would suggest that [the convicted occupant of the apartment where the drugs were found] might have owned only a portion of the 69 pounds of cocaine found there.") (citing *United States v. Payne*, 805 F.2d at 1067 *and United States v. Thornton*, 746 F.2d 39, 47–48 (D.C.Cir.1984)), *cert. denied, Espinosa v. United States*, 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988).

(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

U.S.S.G. § 4A1.1. Following the recommendations in the presentence report, the trial judge assigned Thompson 10 criminal history points, as follows:

3 points under U.S.S.G. § 4A1.1(a) for a 2 year "sentence of imprisonment" imposed on June 25, 1991 upon revocation of probation for a 1988 drug conviction;

2 points under U.S.S.G. § 4A1.1(b) for a 1 year "sentence of imprisonment" imposed on June 25, 1991 upon revocation of probation for a 1988 Bail Act violation;

3 points under U.S.S.G. § 4A1.1(a) for an 18 month "sentence of imprisonment" imposed on October 1, 1991 for carrying an unregistered firearm; and

2 points under U.S.S.G. § 4A1.1(d) because Thompson "committed the instant offense while under [a] criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

Accordingly, the judge assigned Thompson a criminal history category of V which, given Thompson's uncontested offense level of 26, yielded a sentencing range of 110–137 months. The judge then sentenced Thompson to 110 months' imprisonment and four years of supervised release.

Thompson argues here, as below, that the judge should not have counted all three sentences as "sentences of imprisonment" under U.S.S.G. § 4A1.1(a) but, at most, only one of them. Thompson reasons that, because he could have served time on only one of the three sentences between the date the first two were imposed, June 25, 1990, and the date he was sentenced, January 8, 1992, at most only one of them qualifies as a "sentence of imprisonment" as that term is used in section 4A1.1(a)–(b). *See* U.S.S.G. § 4A1.2 application note 2 ("To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time)."). Assuming, without deciding, that Thompson's position is correct, his 110 month sentence must nevertheless be affirmed.[5]

It cannot be disputed that at the time of the sentencing Thompson had begun serving at least one of the June 25, 1990 sentences[6] and the sentencing judge expressly found it was the two year sentence for the 1988 drug conviction. *See* Sentencing Tr. 16–17 ("And secondly, in any event, he had been incarcerated since June 25. Certainly, part of his incarceration was due to a sentence he received on June 25 of a two year term."). Thus, that sentence qualifies as a "sentence of imprisonment" for which Thompson should receive 3 criminal history points under U.S.S.G. § 4A1.1(a). In addition, Thompson should receive at least 1 point each under U.S.S.G. § 4A1.1(c) for the 1 year sentence imposed on June 25, 1991 and for the 18 month sentence imposed on October 1, 1991 and 2 more points under U.S.S.G. § 4A1.1(d) because he "committed the instant offense while under [a] criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape sta-

5. Given our disposition, we need not address the government's contention that all three sentences constitute "sentences of imprisonment."

6. Thompson admitted as much at the sentencing. *See* Sentencing Tr. 20 ("I'm currently serving three years at the youth center. I've been there since June for two misdemeanors."). In any event, had Thompson been acquitted in this case, the pretrial incarceration would have counted as time served toward the D.C. sentences. *See* D.C.Code Ann. § 24–431(b) ("When a person has been in custody due to a charge that resulted in a dismissal or acquittal, the time that would have been credited against a sentence for the charge, had the charge not resulted in a dismissal or acquittal, shall be credited against any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of the custody.").

tus." [7] Thus, Thompson's total criminal history points equal at least 7, placing him in criminal history category IV [8] and subjecting him to a sentencing range of 92–115, which would embrace the 110 month sentence actually imposed. Further, the sentencing judge, recognizing that Thompson's criminal history category might properly be IV, rather than V, expressly "note[d] for the record" that whichever category applied "the sentence in any event would not be different." Because the judge made it clear he would impose the same sentence under either criminal history category, it would be futile to remand for resentencing and we are not required to do so. *See United States v. Williams*, 891 F.2d 921, 923 (D.C.Cir.1989) ("Where the sentence falls within either of two arguably applicable Guidelines ranges and it is clear that the same sentence would have been imposed under either Guidelines range, the court need not resolve the dispute."); *United States v. Bermingham*, 855 F.2d 925, 931–32 (2d Cir. 1988) ("[W]e conclude that disputes about applicable guidelines need not be resolved where the sentence falls within either of two arguably applicable guideline ranges and the same sentence would have been imposed under either guideline range."); *cf. Williams v. United States*, —— U.S. ——, —— —— —— 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992) ("[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate *unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.*") (citing Fed.R.Crim.P. 52(a); emphasis added).

For the preceding reasons, the appellant's conviction and sentence are

*Affirmed*

---

7. At that time he was either on parole or, having violated his parole terms, on "escape status."

8. If Thompson were deemed to have begun serving his 1 year sentence first, then he would have served portions of both June 25, 1990 sentences during the more than 18 months that elapsed

between their imposition and his January 8, 1992 sentencing and would have received an additional point for the 1 year sentence, under U.S.S.G. § 4A1.1(b), bringing the total criminal history points to 8 and still placing him in category IV.