# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 11, 2013          Decided April 9, 2013

No. 11-3098

UNITED STATES OF AMERICA,
APPELLEE

v.

ANTHONY J. FARERI,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cr-00054-1)

*Rosanna M. Taormina*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Tony Axam Jr.*, Assistant Federal Public Defender, entered an appearance.

*Peter S. Smith*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman*, Assistant U.S. Attorney.

Before: GARLAND, *Chief Judge*, KAVANAUGH, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

2

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Anthony Fareri, a stockbroker, sold his clients worthless shares of stock in shell companies controlled by a co-conspirator. Fareri helped inflate the price of shares in the shell companies, recommended the companies to his clients, purchased shares on behalf of his clients without their permission, ignored requests by his clients to sell their shares in the companies, and falsified documents to conceal his scheme. Fareri ultimately defrauded his clients out of more than $3 million.

Fareri pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced to 8 years and 9 months of imprisonment and ordered to pay restitution to his victims. In this direct appeal, Fareri raises three issues. He challenges his sentence, raises an ineffective-assistance-of-trial-counsel claim, and requests remand in order for the District Court to correct the amount of restitution.

*First*, at sentencing, the District Court applied a two-level upward adjustment to Fareri's offense level based on its finding that some of Fareri's victims were vulnerable. *See* U.S. SENTENCING GUIDELINES MANUAL § 3A1.1 (2012). Fareri claims that the upward adjustment was improper.

As an initial matter, the Government responds that the plea agreement bars Fareri from challenging his sentence. We need not decide whether the text of the plea agreement bars Fareri from challenging his sentence because, in accepting Fareri's guilty plea, the District Court told Fareri that he "probably retain[ed] the right to challenge any illegal sentence" and the Government did not object to the District Court's characterization of the plea agreement. Plea Entry Tr.

23, Sept. 20, 2010. This Court has held that a defendant may rely on the district court's characterization of a plea agreement if the Government does not object. *See United States v. Godoy*, No. 10-3105, slip op. at 2-4 (D.C. Cir. Feb. 5, 2013). On appeal, Fareri therefore may challenge the application of the vulnerable victim enhancement.

The vulnerable victim enhancement applies if "the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S. SENTENCING GUIDELINES MANUAL § 3A1.1. The commentary to the enhancement explains that a vulnerable victim is someone "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* cmt. n.2. The District Court found that three of Fareri's victims were vulnerable victims. We give "due deference" to the District Court's application of the vulnerable victim enhancement to the facts of the case. *See United States v. Henry*, 557 F.3d 642, 644-45 (D.C. Cir. 2009).

Fareri knew that these three victims of his scheme were inexperienced investors; he also knew that one of these victims was suffering from health problems and that another was grieving the loss of a spouse. On appeal, the parties debate at some length how to define "particularly susceptible." But we need not anticipate specific fact patterns not before us. In this case, it was at least reasonable for the District Court to conclude that the combination of these victims' characteristics – and especially the fact that they were inexperienced investors – made them "particularly susceptible" to Fareri's fraud. *See United States v. Anderson*, 440 F.3d 1013, 1018 (8th Cir. 2006) (affirming application of vulnerable victim enhancement based on similar characteristics). Reviewing the matter under the deferential

"due deference" standard, we therefore uphold the vulnerable victim enhancement.

*Second*, Fareri raises an ineffective-assistance-of-trial-counsel claim. Fareri contends that his trial counsel made errors relating to the amount-of-loss calculation, a key component in determining Fareri's sentence. Fareri argues that his trial counsel erroneously told him that, under the plea agreement, he would be able to challenge the amount of loss. Fareri also says that his trial counsel failed to uncover evidence that he repaid some of his victims. Fareri asserts that, together, those errors led him to believe that he would be able to reduce the amount-of-loss calculation underlying his sentence and that, if he had known that he would not have been able to challenge the amount-of-loss calculation, he would not have pled guilty.

This Court has allowed defendants to bring ineffective-assistance claims on direct appeal. But because ineffective-assistance claims typically require factual development, we generally remand unless the record "conclusively" demonstrates that the defendant is or is not entitled to relief. *United States v. Rashad*, 331 F.3d 908, 909-10 (D.C. Cir. 2003). Like most ineffective-assistance claims raised on direct appeal, the claim in this case requires further factual development. We therefore remand Fareri's ineffective-assistance claim so that the District Court may consider it in the first instance.

*Third*, the Government and Fareri agree that remand is required to correct the amount of restitution due. In its oral sentence and in its written judgment, the District Court imposed restitution in a total amount of $3,646,747.83. However, the District Court also produced a written list of payments due to each of Fareri's victims, and the sum of

those required payments exceeded the $3,646,747.83 total announced in the District Court's oral sentence and listed in its written judgment. The District Court's oral sentence – which indicated a total of $3,646,747.83 – is controlling. *See United States v. Love*, 593 F.3d 1, 9 (D.C. Cir. 2010). We therefore remand for the District Court to correct the specific amounts owed to each of Fareri's victims, so that the amounts add up to a total of $3,646,747.83.

We affirm Fareri's sentence. We also remand for the District Court to consider Fareri's ineffective-assistance claim in the first instance and for the District Court to correct the amount of restitution that Fareri must pay his victims.

*So ordered.*