# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 19, 2015         Decided June 23, 2015

No. 14-3041

UNITED STATES OF AMERICA,
APPELLEE

v.

PAUL F. KAUFMAN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cr-00010-1)

*Michael A. Olshonsky*, appointed by the court, argued the cause and filed the briefs for appellant.

*Adrienne Dawn Gurley*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *Elizabeth H. Danello*, Assistant U.S. Attorneys.

Before: GARLAND, *Chief Judge*, and ROGERS and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GARLAND.

GARLAND, *Chief Judge*: Paul Kaufman was a salaried employee at a nonprofit that received federal funds. Feeling "overworked and undercompensated," Kaufman formed two outside companies and used his position at the nonprofit to approve invoices in their name. Between 2004 and 2012, Kaufman employed this scheme to pay himself over $110,000 in additional compensation. He also used the nonprofit's credit cards to pay for a variety of personal expenses, totaling at least $46,000. Once discovered, he pled guilty to embezzling from an organization that received federal funds. On appeal, he challenges the 24-month sentence imposed by the district court. For the reasons set forth below, we affirm the judgment.

I

The government asserts that we should not even consider this appeal because Kaufman's plea agreement expressly waived his right to appeal his sentence. Kaufman did indeed "waive the right to appeal the sentence in this case, including any term of imprisonment," unless the sentence was above the statutory maximum or above the U.S. Sentencing Guidelines range determined by the court. Plea Agreement 7 (J.A. 129). Neither circumstance is present here. *See* 18 U.S.C. § 666(a) (indicating that Kaufman's statutory maximum would be 10 years); *infra* Part II (discussing Kaufman's Guidelines range). Ordinarily, then, we would agree with the government that Kaufman's appeal is barred. *See, e.g.*, *United States v. Adams*, 780 F.3d 1182, 1183-84 (D.C. Cir. 2015); *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009).

At Kaufman's plea hearing, however, the district court made two problematic statements in explaining the waiver provision in the plea agreement. The court initially told Kaufman that he "would still have the right to appeal the sentence if [he] believe[d] the sentence is illegal." Plea Hr'g Tr.

9. Later, it told him that he might have the right to appeal, under some circumstances, if he did not "like" the sentence. *Id.* at 22.

Those statements transformed the nature of Kaufman's plea waiver in the same way the district court's plea colloquy did in *United States v. Godoy*, 706 F.3d 493 (D.C. Cir. 2013). There, notwithstanding that the defendant had signed a plea waiver similar to Kaufman's, the court told the defendant that he was waiving his right to appeal unless he should "come to believe . . . that the Court has done *something illegal*, *such as* imposing a period of imprisonment longer than the statutory maximum." *Id.* at 495. That explanation, we said, "mischaracterized the meaning of the waiver in a fundamental way." *Id.* "Taken for its plain meaning -- which is how criminal defendants should be entitled to take the statements of district court judges -- the court's explanation allows [the defendant] to appeal *any* illegal sentence." *Id.* The same is true here.

As in *Godoy*, the prosecution could have sought to correct the district court's statements and to ensure that the defendant understood the right he was agreeing to forgo by submitting a guilty plea. *Id.*; *see also United States v. Fareri*, 712 F.3d 593, 594 (D.C. Cir. 2013). But the prosecution did not object. Under those circumstances, "the district court's oral pronouncement controls," and the defendant's "appeal is not barred." *Godoy*, 706 F.3d at 496; *see Fareri*, 712 F.3d at 594-95. The government offers no argument to the contrary.

II

Kaufman's principal challenge to his 24-month sentence is to the district court's determination of the loss that his offense caused the nonprofit. The court agreed with the government that the total loss included all unauthorized payments to Kaufman's companies and all personal expenses charged to the nonprofit's

credit cards. Under that calculation, the total loss exceeded $120,000. This resulted in a ten-level increase in Kaufman's offense level under the Sentencing Guidelines, *see* U.S.S.G. § 2B1.1(b)(1), and a Guidelines range of 24-30 months, *see id.* ch. 5, pt. A (sentencing table); Presentence Investigation Report (PSR) ¶ 9.

Kaufman disputed that calculation. He asked the court to reduce the amount of loss by the fair market value of the services rendered by his companies. *See* U.S.S.G. § 2B1.1 cmt. n.3(E)(i). The companies had two employees and did work for the nonprofit that Kaufman contended was "needed." Sentencing Hr'g Tr. 10, 13. That work, he argued, had a value of at least $50,000. *See* Kaufman Sentencing Mem. at 2 (J.A. 44). Reduced by this amount, the total loss would be between $70,000 and $120,000, and would therefore result in only an eight-level increase in his offense level, *see* U.S.S.G. § 2B1.1(b)(1), with a corresponding Guidelines range of 18-24 months, *see id.* ch. 5, pt. A (sentencing table); PSR ¶ 9.

The district court rejected Kaufman's argument. The court pointed to Kaufman's signed Statement of Offense, which expressly acknowledged that his scheme was "a way to collect additional compensation for the work that he was being paid to perform." Statement of Offense ¶ 4 (J.A. 115). At the sentencing hearing, Kaufman confirmed that the nonprofit did indeed pay him a salary to perform those services. *See* Sentencing Hr'g Tr. 13. The court therefore declined to give Kaufman credit for the value of work for which the nonprofit had already paid.

Although a district court is not required to follow the Guidelines after *United States v. Booker*, 543 U.S. 220, 259-60 (2005), the Guidelines remain "the starting point and the initial benchmark" for a sentencing decision, *Gall v. United States*, 552

U.S. 38, 49 (2007); *see also Peugh v. United States*, 133 S. Ct. 2072, 2079-80 (2013). We therefore review this kind of sentencing challenge to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range" or "failing to consider" the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 51. If the sentencing decision is "procedurally sound," the remaining question is whether the resulting sentence is substantively reasonable, which we consider under an abuse-of-discretion standard. *Id.* In this circuit, a sentence that is within the Guidelines range is entitled to a presumption of reasonableness on appeal. *United States v. Dorcely*, 454 F.3d 366, 376 (D.C. Cir. 2006); *see Rita v. United States*, 551 U.S. 338, 346-47 (2007).

Here, we do not need to address the district court's rejection of Kaufman's loss calculation. Although we do not mean to suggest that the court's analysis was erroneous in any way, there is an even simpler reason that Kaufman's appellate challenge must fail: the district court said it would impose the same sentence even if it accepted Kaufman's own loss calculation. *See* Sentencing Hr'g Tr. 49. A 24-month sentence would still be appropriate, the court said, "in light of the extended period of this fraud, its relatively sophisticated nature, the efforts that were taken to conceal the crime, the steps that were taken to orchestrate and maintain this scheme and the fact[] that the theft was from an employer, and thus involved a serious breach of trust." *Id.*

In *United States v. Thompson*, 994 F.2d 864, 868 (D.C. Cir. 1993), we declined to remand a sentencing decision in almost identical circumstances. Faced with a dispute over which criminal history category applied, the sentencing judge had "made it clear he would impose the same sentence under either criminal history category." *Id.* In light of that statement, we

deemed it "futile to remand for resentencing." *Id.* We reach the same conclusion here. *See also United States v. Simpson*, 430 F.3d 1177, 1184-85, 1190 n.15, 1191-92 (D.C. Cir. 2005).[1]

Under either the court's calculation or Kaufman's, the 24-month sentence is within the Guidelines range. *See* U.S.S.G. ch. 5, pt. A (sentencing table); *id.* § 2B1.1(b)(1). It is therefore entitled to a presumption of reasonableness on appeal. *See Dorcely*, 454 F.3d at 376. Kaufman has not rebutted this presumption, nor could he. In imposing the sentence, the district court carefully considered the § 3553(a) sentencing factors. In particular, it found the offense to be "very serious" in nature because Kaufman had engaged in a "lengthy and complex" scheme that involved hundreds of discrete acts of embezzlement, abusing the trust of his employer, and concealing his fraudulent conduct even after he was confronted. Sentencing Hr'g Tr. 43-47.

Kaufman also challenges his sentence on the ground that the district court neglected to adequately consider several specific sentencing factors. In particular, he says, the court failed to take into account his personal circumstances, including the medical needs of his spouse and child and his extensive cooperation with law enforcement. *See* 18 U.S.C. § 3553(a)(1). But that is not correct. *See* Sentencing Hr'g Tr. 46, 48 (discussing the needs of Kaufman's family); *id.* at 47 (discussing his cooperation). Nor did the court fail, as Kaufman contends, to consider the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). The court determined that the average prison term for defendants with Kaufman's criminal history category who

---

[1] Similar to this case, the sentence the court imposed in *Thompson* was at the bottom of the government's proposed Guidelines range and near the top of the defendant's proposed range. *See Thompson*, 994 F.2d at 867-68.

were convicted of the same offense was 24 months. Sentencing Hr'g Tr. 47-48. Although the court considered Kaufman's argument that many defendants in similar circumstances receive probationary sentences, it concluded that such a sentence would be insufficient in Kaufman's case. *Id.*

In sum, even if the district court's loss calculation were erroneous, we would not require it to reconsider Kaufman's sentence. The court expressly stated that it would regard the same sentence as appropriate under either party's calculation. Because that sentence is within-Guidelines, reasonable, and thoroughly explained, there is no warrant for a remand.

### III

For the foregoing reasons, the judgment of the district court is

*Affirmed*.