**UNITED STATES of America,
Appellee,**

v.

**Ronald T. CLIPPER, Appellant.**

**No. 01–3137.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 18, 2002.

Decided Dec. 27, 2002.

David W. Bos, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was A. J. Kramer, Federal Public Defender. Robert L. Tucker, Assistant Federal Public Defender, entered an appearance.

Mary B. McCord, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief was Roscoe C. Howard, Jr., U.S. Attorney, John R. Fisher, Elizabeth Trosman, and Wan J. Kim, Assistant U.S. Attorneys.

Before: GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge WILLIAMS.

STEPHEN F. WILLIAMS, Senior Circuit Judge:

Ronald Clipper pleaded guilty in May 2001 to unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Sentencing Guidelines calculation yielded a range of 57–71 months, and the district court sentenced him at the very top of the range, noting Clipper's "dangerousness, his recklessness, his irresponsibility." The Guidelines range was significantly affected by several prior felony convictions, but one of them—his 1991 conviction for possession of crack cocaine with intent to distribute—was very likely in violation of the Fourth Amendment as interpreted by the Supreme Court years after that conviction became final. Clipper asked the district court to exclude that conviction from his present sentence calculations, but that option is plainly foreclosed by the Guidelines, and Clipper does not pursue it on appeal. Rather, he presses two fallback arguments: first, that the district court should have given him a downward departure to mitigate the effect of the 1991 conviction; and second, that the changed outlook on that conviction called for a downward departure for time "erroneously" served.

The district court rejected both arguments, and we agree. The Sentencing Guidelines clearly set forth the conditions under which a prior conviction may be discounted in sentencing calculations—conditions that Clipper's 1991 conviction indisputably does not meet. Clipper reasons that the Guidelines' foreclosure of any direct exclusion of the 1991 conviction naturally opens the door to a departure; this is unsound. If correct, it would tend to make every explicit Guidelines provision an invitation for courts to do the opposite. Similarly, because the 1991 conviction has not been vacated, overturned, or set aside, Clipper has not served time in jail erroneously and is not entitled to a downward departure on that score. We affirm the district court in all respects.

\* \* \*

■ We review the district court's departure decision for abuse of discretion. *Koon v. United States,* 518 U.S. 81, 99–100, 116 S.Ct. 2035, 2047–48, 135 L.Ed.2d 392 (1996). But the decision "whether a factor is a permissible basis for departure

under any circumstances is a question of law." *Id.* at 100, 116 S.Ct. at 2047. On that point, therefore, there is no deference to the district court. *Id.*

Clipper's 1991 conviction arose from an anonymous call to the police that a person meeting a particular description and walking in the area of a specified intersection was armed with a gun. *United States v. Clipper,* 973 F.2d 944, 946 (D.C.Cir.1992). Officers responded to the tip and saw Clipper, who matched the description given by the caller. After a brief chase, they stopped and frisked him, finding a thick wad of currency and a bag of crack cocaine.

Clipper moved to suppress the money and drugs, arguing that the officers didn't have the reasonable suspicion required for a stop under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The district court denied the motion and the jury convicted. Clipper appealed and we upheld the stop. Applying the "totality of the circumstances" test set forth in *Alabama v. White,* 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), and stressing the tipster's claim that the person possessed a gun, we held that the circumstances under which *White* permitted a stop included instances where an anonymous tip did not state predictive facts but did provide "the police with verifiable facts while alerting them to an imminent danger that the police cannot ignore except at risk to their personal or the public's safety." *Clipper,* 973 F.2d at 949–50. The Supreme Court denied certiorari. *Clipper v. United States,* 506 U.S. 1070, 113 S.Ct. 1025, 122 L.Ed.2d 171 (1993).

In *Florida v. J.L.,* 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), however, the Court resolved a judicial split on the issue, identifying *Clipper* as one of the dividing cases. *Id.* at 269. The Court held that an anonymous tip that a person

is carrying a gun is not, without more, sufficient to justify a police officer's stop and frisk of that person. Although *Florida v. J.L.* did not reverse, vacate, or set aside Clipper's conviction, or even explicitly disapprove *Clipper,* both parties agreed at argument that for purposes of this case the officers' stop of Clipper should be assumed to be unconstitutional under *Florida v. J.L.*

In his 2001 sentencing Clipper's 1991 conviction affected the Guidelines calculation both of his "base offense" level (see U.S.S.G. § 2K2.1(a)) and his criminal history category (see U.S.S.G. § 4A1.2). The upshot was to increase his sentencing range from 30–37 months to 57–71 months.

\* \* \*

Clipper's request for a downward departure depends on whether he cites factors that were "not adequately taken into consideration" by the Sentencing Commission. U.S.S.G. § 5K2.0. Thus, although Clipper has decided not to appeal the district court's rejection of his claim that the Guidelines authorized exclusion of his 1991 conviction, our analysis must begin with this issue. In the criminal history context, the commentary to U.S.S.G. § 4A1.2 says:

6. *Reversed, Vacated, or Invalidated Convictions.* Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise

recognized in law (*e.g.*, 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

U.S.S.G. § 4A1.2 (Application Note 6). For purposes of counting convictions for the base offense level, U.S.S.G. § 2K2.1 incorporates the standards of § 4A1.2. See U.S.S.G. § 2K2.1 (Application Note 15). Thus Application Note 6 to § 4A1.2 controls the inquiry for both of the ways in which the 1991 conviction raised Clipper's sentencing range.

As Clipper's 1991 conviction has not been reversed, vacated, or ruled constitutionally invalid, it plainly doesn't fall within the class of convictions whose sentences are "not to be counted." The Guidelines' effort to limit the issues available in a recidivist sentencing is in accord with the Supreme Court's approach. In *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), it held that in a sentencing under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), a defendant had no right to collaterally attack a prior state conviction used for sentencing enhancement—with a narrow exception for convictions obtained in a proceeding in which the accused was not represented by counsel and had not competently and intelligently waived the right to counsel. See *id.* at 487, 493–96, 114 S.Ct. at 1734, 1737–39. In *Daniels v. United States*, 532 U.S. 374, 382, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001), the Court extended the rule to a challenge under 18 U.S.C. § 2255 to a sentence enhanced under § 924(e) by a prior state conviction. The Court was explicit that this raised no constitutional problems. *Custis*, 511 U.S. at 493–97, 114 S.Ct. at 1737–40; *Daniels*, 532 U.S. at 383, 121 S.Ct. at 1584. Of course a prisoner adversely affected by a prior sentence may pursue whatever avenues of collateral relief remain open to him, and

then ask the later sentencing court to reopen the sentence. *Id.* at 382, 121 S.Ct. at 1583. But the later sentencing does not open any doors that are otherwise closed: "If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because defendant did so unsuccessfully), then that defendant is without recourse." *Id.*

The second sentence of Application Note 6 says that the Guidelines "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (*e.g.*, 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions)." There is an ambiguity here that we need not resolve. The decision in *Custis* makes clear that a defendant being sentenced under § 924(e) may not use the occasion to bring even a collateral attack that is still open to him; he must bring that separately and if successful return to the court that sentenced him as a recidivist. The parties have not briefed and we need not decide whether Application Note 6 or 18 U.S.C. § 922(g)(1) embodies any restriction like that found in § 924(e). Here, Clipper could *not* obtain collateral relief for his claim in any forum because it rests solely on the Fourth Amendment and he was afforded a full and fair opportunity to litigate the claim in federal court. See *Stone v. Powell*, 428 U.S. 465, 481–82, 96 S.Ct. 3037, 3046–47, 49 L.Ed.2d 1067 (1976).

■ Clipper accordingly recognizes that the Guidelines themselves leave no direct basis for excluding the 1991 conviction from his sentencing calculation. Instead he seeks a downward departure under

U.S.S.G. § 5K2.0, which reads in relevant part:

> Under 18 U.S.C. § 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 5K2.0. Clipper argues that the Sentencing Commission did not take into consideration the situation of a defendant facing the Guidelines repercussions of a conviction that would be unconstitutional if it occurred at the time of sentencing but that is not subject to collateral attack outside the recidivist sentencing.

But Application Note 6 represents the Sentencing Commission's express "consideration" of the types of convictions that are to be disregarded in calculations of criminal history—ones that have been "reversed," "vacated," or "ruled constitutionally invalid in a prior proceeding." *Id.* That Clipper cannot satisfy this test does not make his circumstance one that the Commission failed to consider. A clearly drawn line is not a failure to consider cases that fall on the wrong side of the line. Doubtless the Commission understood that some invalid convictions were beyond collateral attack. *Stone v. Powell* itself, for example, was decided in 1976.

Clipper suggests, however, that in 1993 when the Sentencing Commission last amended Application Note 6 it could not have been aware of two later legal developments which he sees as restricting his ability to challenge the 1991 conviction: the Supreme Court's decision in *Custis,* and Congress's passage of the Anti-terrorism and Effective Death Penalty Act of 1996, amending 28 U.S.C. § 2255 to impose a one-year statute of limitations on federal habeas corpus relief. As a general matter it seems to us improbable that the Commission could have been blind to the fact that the Supreme Court decides cases and that Congress occasionally legislates in relation to collateral attack, thereby making authoritative resolutions of the competing interests that are implicated by such attacks. Application Note 6 appears simply to accept that process, refraining from "confer[ing] ... any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized by law." But in any event, as we've explained, *Stone v. Powell* already foreclosed Clipper from challenging his 1991 conviction, and the changes to which he points had no bearing on his case. It would mischievously upset the Commission's rules to suppose that their application to persons so situated had not been "taken into consideration."

■ Clipper's argument that he is entitled to the possibility of a departure for time served "erroneously" under his 1991 conviction is no stronger. The two cases he relies upon, *United States v. Romualdi,* 101 F.3d 971 (3d Cir.1996), and *United States v. Miller,* 991 F.2d 552 (9th Cir. 1993), each involved time served under a sentence *for the same conviction* that had been vacated by the court of appeals. See *Romualdi,* 101 F.3d at 977; *Miller,* 991 F.2d at 554. Given the statute providing a credit for time served, see 18 U.S.C. § 3585, it is not altogether clear why a departure was necessary in these cases, but in any event they plainly do not advance his claim.

Finally, we reject Clipper's argument that his first two arguments together constitute a combination of factors that warrants departure. As stated above, neither of these arguments has merit on its own; zero plus zero equals zero.

The judgment of the district court is
*Affirmed.*