Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued April 8, 2003            Decided May 2, 2003

No. 02-3022

UNITED STATES OF AMERICA,
APPELLEE

v.

KEHINDE A. HALL,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 01cr00237-01)

———

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the brief was *A.J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance.

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Roscoe C.*

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Howard, Jr.*, U.S. Attorney, and *John R. Fisher*, *Elizabeth Trosman*, and *Alyse Graham*, Assistant U.S. Attorneys.

Before: ROGERS and GARLAND, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*:  Defendant Kehinde Hall appeals a district court judgment ordering him to serve an 84-month sentence for committing a federal crime, to be commenced only after he completes a term of imprisonment previously incurred for committing a different offense under District of Columbia law.  Hall does not object to the length of the sentence, but only to its timing.  He asserts that the district court applied the wrong provision of the United States Sentencing Guidelines (U.S.S.G.), which misled the court into believing that it had to sentence Hall consecutively when it actually had discretion to sentence him concurrently.  We conclude that, while the court may have applied the wrong guideline provision, the defendant suffered no prejudice because the correct provision does in fact mandate a consecutive sentence.

I

Hall's prior criminal history is relevant to our disposition, and we therefore briefly recount it.  In January 1997, Hall was convicted in District of Columbia Superior Court of assault with intent to commit aggravated assault, for shooting a victim in the face, and of possession of a firearm during a crime of violence.  He was sentenced under the District's Youth Rehabilitation Act, D.C. CODE §§ 24-901 *et seq.*, to concurrent periods of incarceration of not more than fifteen years on the assault charge and not more than five years on the firearms charge.  *United States v. Hall*, No. F5935-96 (D.C. Super. Ct. Jan. 10, 1997) (Judgment & Commitment Order).  The court suspended all but twenty months of the sentence, and ordered Hall to serve eighteen months of supervised probation following his release.  *Id.*  On January 7, 1999, while still on probation for the District of Columbia

offenses, Hall was arrested in Maryland for robbery with a deadly weapon. Hall was convicted of that robbery, and on June 16, 1999, a Maryland court sentenced him to two to five years of incarceration, with all but eighteen months suspended, to be followed by five years of probation.

On August 20, 1999, as a result of his Maryland conviction, the District of Columbia Superior Court revoked Hall's Youth Act probation and sentenced him, as an adult, to concurrent terms of twenty months to five years on the assault charge and a mandatory minimum of five years to a maximum of fifteen years on the weapons charge. *United States v. Hall*, No. F5935-96 (D.C. Super. Ct. Aug. 20, 1999) (Judgment & Commitment Order). Hall's new District of Columbia sentence was set to commence upon the completion of his Maryland sentence. *Id.* But when Hall's term of incarceration in Maryland ended on January 8, 2001, the Maryland jail mistakenly and inexplicably released him from custody instead of returning him to the District to begin serving his August 1999 sentence.

On May 16, 2001, while still on probation for his Maryland conviction, Hall was arrested again, this time on the charge that led to the present appeal: the unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After a jury convicted Hall in November 2001, the United States Probation Office prepared a Presentence Report (PSR) that calculated a sentencing guideline range of 77 to 96 months. The PSR also stated that "[p]ursuant to U.S.S.G. § 5G1.3(c), Application Note 6, the sentence for the instant offense should be imposed to run consecutively to the term of imprisonment" that Hall had at that point begun to serve for his District of Columbia convictions. PSR ¶ 54. Both the prosecutor and defense counsel received the PSR and attested that there were "no material/factual inaccuracies therein."

The district court sentenced Hall on February 7, 2002. After explaining that Hall's "prior record [gave] the Court great concern," and that the fact that Hall was "found with a firearm" while on the street was "a very serious matter," the

court announced a term of imprisonment of 84 months. Sentencing Hr'g Tr. at 14–15 (Feb. 7, 2002). The court then added: "And this [sentence] will run consecutive to any other sentence you are now serving." *Id.* at 15. In the "Statement of Reasons" appended to the judgment that issued the following day, the court checked the box labeled: "The court adopts the factual findings and guideline application in the presentence report." *United States v. Hall*, No. 01cr00237–01, at 6 (D.D.C. Feb. 8, 2002) (Judgment).

## II

Hall contends that the district court erred in running his federal sentence consecutively to the sentence imposed by the District of Columbia. Because Hall failed to raise that objection below, we review it under the "plain error" standard of Federal Rule of Criminal Procedure 52(b). Although that standard has a number of elements, most important for this case is the requirement that Hall show not only that the district court erred, but also that he suffered prejudice as a consequence of that error. *United States v. Olano*, 507 U.S. 725, 734 (1993); *United States v. Smith*, 267 F.3d 1154, 1160–61 (D.C. Cir. 2001); *United States v. Saro*, 24 F.3d 283, 287–89 (D.C. Cir. 1994).

In concluding that the court should impose Hall's federal sentence to run consecutively to his District of Columbia sentence, the PSR relied on Application Note 6 to Sentencing Guideline § 5G1.3. That note provides:

> Revocations. If the defendant *was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked*, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

U.S.S.G. Manual § 5G1.3, cmt. n.6 (emphasis added). On appeal, Hall draws our attention to the words italicized in the

above quotation and contends that they render the PSR's reliance on Application Note 6 erroneous. Hall points out that he was not on probation for his District of Columbia crimes at the time he committed the federal firearms offense (probation having been revoked due to the Maryland offense), and that although he was on probation for the Maryland offense at the time, the state had not yet revoked that probation by the date of his federal sentencing. He concludes, correctly, that the express terms of Application Note 6 therefore render that note inapplicable to his situation. The government concedes that Hall is right.

At this point, however, Hall and the government part company. Hall argues that, because the district court adopted the PSR's application of the Sentencing Guidelines, because the PSR referenced Note 6 as applicable to his case, and because Note 6 directs that where it applies "the sentence for the instant offense should be imposed to run consecutively," the district court must have erroneously believed that it was compelled to run his federal sentence consecutively to his District of Columbia term. The number of "becauses" in the preceding sentence suggests that the logical journey Hall asks us to take is not quite an uninterrupted one. But the journey's biggest step is its last: the conclusion that the district court would have regarded itself as *compelled* to impose a consecutive sentence by an application note that says no more than that such a sentence "should" be imposed.[1] Indeed, as the government points out, the application notes to § 5G1.3 appear to reserve the word "shall" for those circumstances in which consecutive sentences are mandatory, using "should" or "may" for situations in which the district court retains a measure of discretion.[2] Nor is there any indication in the district court's own remarks at Hall's 2002 sentencing to suggest that it regarded the Sentencing Guidelines as

---

[1] Paralleling the note's language, the PSR merely advised the court that "the sentence for the instant offense *should* be imposed to run consecutively to the term of imprisonment the defendant is currently serving." PSR ¶ 54 (emphasis added).

[2] As discussed below, subsection (a) of § 5G1.3 states that a consecutive sentence "shall be imposed" when the instant offense

compelling a sentence that the court would not have imposed on its own. To the contrary, those remarks suggest that the court regarded the sentence it handed down as fully justified by the nature of Hall's criminal record. *See, e.g.*, Sentencing Hr'g Tr. at 15 (Feb. 7, 2002) ("[Y]our record causes me great concern regarding the safety of the community. . . . [T]he prior offenses are extremely serious and having a firearm, in my view, is very serious. . . .").

Nonetheless, we decline to accept the government's invitation to rest our decision on the ground that the erroneous application of Note 6 did not influence the district court's sentencing disposition. First, while we believe that the most straightforward reading of Application Note 6 is that it represents a strong suggestion rather than a mandatory injunction to impose a consecutive sentence, we must acknowledge that other courts have read the note as requiring a consecutive sentence,[3] and that it is possible that the district court here did so as well. Moreover, even if the district court read Note 6 as merely suggestive, it is also possible that the

---

was committed "while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of," a term of imprisonment. Consistent with the language of the subsection, the application note associated with § 5G1.3(a) provides that "the court *shall* impose a consecutive sentence" in those circumstances. U.S.S.G. MANUAL § 5G1.3, cmt. n.1 (emphasis added). Subsection (c), by contrast, specifies situations in which "the sentence for the instant offense *may* be imposed to run concurrently," *id.* § 5G1.3(c) (emphasis added), and the notes associated with that subsection describe situations in which the court "may," *see id.* § 5G1.3, cmt. n.3–5, or "should," *see id.* § 5G1.3, cmt. n.6, impose a consecutive sentence.

[3] There is a circuit split on the issue. Some circuits read the note as mandatory. *See, e.g.*, *United States v. Goldman*, 228 F.3d 942, 944 (8th Cir. 2000); *United States v. Alexander*, 100 F.3d 24, 27 (5th Cir. 1996); *United States v. Gondek*, 65 F.3d 1, 2–3 (1st Cir. 1995); *United States v. Bernard*, 48 F.3d 427, 431 (9th Cir. 1995). Others read it as discretionary. *See, e.g.*, *United States v. Swan*, 275 F.3d 272, 279–81 (3d Cir. 2002); *United States v. Tisdale*, 248

suggestion influenced the court to impose a sentence it would not have chosen in the note's absence.[4]

But even if the district court were misled to believe that Note 6 applied and required consecutive sentencing, Hall suffered no prejudice — and hence the court did not plainly err — because the guideline provision that correctly applies to his case clearly does mandate a consecutive sentence. Application Note 6 is just one of six notes explicating Guideline § 5G1.3, entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment." That guideline, which is set out in full in the margin,[5] has three subsections: subsection (a) describes the cases in which the district court must impose a consecutive sentence; sub-

---

F.3d 964, 977–80 (10th Cir. 2001); *United States v. Maria*, 186 F.3d 65, 70–71 (2d Cir. 1999).

[4] In light of the considerations discussed in the following paragraph, we need not decide whether these possibilities would, in other circumstances, create sufficient doubt to justify a remand for resentencing. *Cf. United States v. Morales-Castillo*, 314 F.3d 561, 564 (11th Cir. 2002) (rejecting the defendant's contention that the district court failed to recognize that it had discretion under Application Note 6 "because there is no evidence in the record that the district court believed it was required to impose a consecutive sentence," and instead concluding that the court "chose to impose" a consecutive sentence because of the defendant's criminal history); *United States v. Pinnick*, 47 F.3d 434, 439 (D.C. Cir. 1995) (holding that when "[w]e do not know why the district court refused to depart, . . . we assume that the district court knew and applied the law correctly," rather than that it erroneously thought itself without discretion (internal quotations and alterations omitted)).

[5] Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

  (a)  If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

section (b) describes those in which the sentence must be concurrent; and subsection (c) gives the court discretion, in "any other case," to sentence either consecutively or concurrently.

Although the author of the PSR erroneously thought that Application Note 6 — which is associated with subsection (c) — applied to Hall's situation, it is clear to us that the subsection that actually governs is subsection (a), with its corresponding Application Note 1.[6] Guideline § 5G1.3(a) states:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. MANUAL § 5G1.3(a). The subsection thus requires[7] the court to impose a sentence consecutive to a defendant's

---

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. MANUAL § 5G1.3.

[6] *See United States v. Kim*, 23 F.3d 513, 517 (D.C. Cir. 1994) (noting that the court of appeals reviews "purely legal questions" regarding the guidelines "de novo," and accords only "due deference" to the district court's "application of the guidelines to facts") (citing 18 U.S.C. § 3742(e)); *see also United States v. Goodwin*, 317 F.3d 293, 297 (D.C. Cir. 2003).

[7] Hall does not dispute that, where applicable, § 5G1.3(a) requires the district court to impose a consecutive sentence. *See United*

undischarged term of imprisonment when the instant offense was committed either: (1) while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), or (2) after sentencing for, but before commencing service of, such term of imprisonment.

The second listed circumstance is the one that applies here. On August 20, 1999, the District of Columbia Superior Court revoked Hall's Youth Act probation and sentenced him, as an adult, to 20 months to five years on the assault charge and to a mandatory minimum of five years to a maximum of fifteen years on the weapons charge. The mandatory minimum five-year sentence was a new sentence, not previously imposed. *See Mulky v. United States*, 451 A.2d 855, 858 (D.C. 1982) (holding that a "trial court [is] not required to reimpose the original sentence but ha[s] discretion to impose a new sentence within the statutory limits governing the offense for which she was convicted") (interpreting then-D.C. CODE § 24-104).[8] Moreover, both parties agree that Hall's District of Columbia sentence did not commence on August 20, 1999: the District of Columbia court had expressly provided that its sentence was to run consecutively "to any other sentence imposed," and Hall was incarcerated in Maryland on that

---

*States v. Higgins*, 128 F.3d 138, 141–43 (3d Cir. 1997); *United States v. Flowers*, 995 F.2d 315, 316–17 (1st Cir. 1993).

[8] The August 1999 sentence is also properly characterized as a new sentence, as compared to that initially imposed in January 1997, because the 1997 sentence was imposed under the Youth Act, while Hall was sentenced in 1999 as an adult. Sentencing Hr'g Tr. at 10 (Feb. 7, 2002); *see Smith v. United States*, 597 A.2d 377, 378–80 & n.2 (D.C. 1991) (noting that an adult sentence is different from a Youth Act sentence, and upholding revocation of Youth Act probation and imposition of an adult sentence). Hall contends that the new sentence may be invalid under District of Columbia law (because it was more severe than the original sentence) or under the Constitution's Double Jeopardy Clause. This appeal, however, is not the appropriate forum in which to mount such a collateral attack on the validity of Hall's District of Columbia sentence. *See* U.S.S.G. MANUAL § 4A1.2, cmt. n.6; *United States v. Clipper*, 313 F.3d 605, 607–09 (D.C. Cir. 2002).

date. *United States v. Hall*, No. F5935-96 (D.C. Super. Ct. Aug. 20, 1999) (Judgment & Commitment Order). Nor had the District of Columbia sentence commenced by May 16, 2001, the date on which Hall committed the federal offense for which he was convicted in the instant case, because Maryland had mistakenly released him from custody at the end of his Maryland sentence rather than returning him to the District to begin serving his August 1999 District of Columbia sentence.

As this recitation of the facts makes clear, Hall's "instant offense was committed . . . after sentencing for, but before commencing service of," the term of imprisonment imposed by the District of Columbia on August 20, 1999. U.S.S.G. MANUAL § 5G1.3(a). In such circumstances, § 5G1.3(a) directs that "the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." *Id.* The relevant application note, Application Note 1 to § 5G1.3(a), is in accord.[9] Hence, while the district court may have erred in thinking that Note 6 was the relevant application note, a consecutive sentence was nonetheless required, and the consecutive sentence that the court imposed therefore contains no error. By the same token, because Hall's sentence does not differ from the one the court was required to impose by a correct application of the guidelines, the defendant has suffered no prejudice. *See Saro*, 24 F.3d at 288 (holding that to establish prejudice, "the defendant must show a reasonable likelihood that the sentencing court's obvious errors affected his sentence"). We therefore reject his request to remand the case for resentencing. *See Olano*, 507 U.S. at 734.[10]

---

[9] *See* U.S.S.G. MANUAL § 5G1.3, cmt. n.1 (stating that "[u]nder subsection (a), the court shall impose a consecutive sentence when the instant offense was committed . . . after sentencing for, but before commencing service of" an "undischarged term of imprisonment").

[10] For the same reason, we reject Hall's contention that he suffered from ineffective assistance of counsel. To prevail on such a claim, a defendant must show: (1) "that counsel's performance was deficient," i.e., that his attorney "made errors so serious that

11

III

For the foregoing reasons, the judgment of the district court is

*Affirmed.*

---

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "that the deficient performance prejudiced the defense," i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Saro*, 24 F.3d at 288. We do not consider whether the acquiescence of Hall's attorney in the PSR's misapplication of Note 6 satisfies the first prong of the *Strickland* test, as it plainly fails the second.