# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued January 28, 2021         Decided April 27, 2021

No. 19-3081

UNITED STATES OF AMERICA,
APPELLEE

v.

RASHAUN PARKS, ALSO KNOWN AS IVY,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00248-1)

---

*Jerry Ray Smith, Jr.*, appointed by the court, argued the cause and filed the briefs for appellant.

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Elizabeth Trosman* and *Chrisellen R. Kolb*, Assistant U.S. Attorneys.

Before: HENDERSON, PILLARD and WILKINS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

WILKINS, *Circuit Judge*: Appellant Rashaun Parks pleaded guilty to one count of knowingly transporting an individual to engage in prostitution, in violation of 18 U.S.C. § 2421(a). The District Court sentenced Parks to 22 months in prison and six years of supervised release. Parks challenges the supervised release portion of his sentence, arguing that his attorney provided ineffective assistance at sentencing by failing to object when the District Court relied on the wrong provision of the Federal Sentencing Guidelines. We agree with Parks, so we vacate the supervised release portion of his sentence and remand for resentencing.

**I.**

**A.**

From about 2014 until 2019, Parks worked as a pimp in Washington, D.C. He used social media to recruit women, and he was arrested in May 2019 after recruiting an undercover FBI agent on Facebook. Parks pleaded guilty to a one-count information in August 2019, but he retained his right to appeal if the District Court imposed an above-Guidelines sentence.

The United States Probation Office prepared a presentence report ("PSR"). In the PSR, the Probation Officer stated that the District Court was required to impose a sentence of supervised release ranging from "five years to life." To arrive at that conclusion, the Probation Officer cited one statutory source and one provision of the Sentencing Guidelines (U.S.S.G.).

First, the Probation Officer cited to 18 U.S.C. § 3583(k), the statutory provision calling for a term of supervised release "not less than 5 [years], or life" for "any offense under . . . [18 U.S.C. §] 2421." A78 ¶ 131. Second, the Probation Officer cited U.S.S.G. § 5D1.2(b)(2), which provides for a term of supervised release "up to life, if the offense is . . . a sex offense." The Probation Officer concluded from this latter

provision that the applicable Guidelines range for Parks's offense was "five years to life" of supervised release. A78 ¶ 132.

Parks's counsel objected only to the statutory provision cited in the PSR. He argued that the statute (18 U.S.C. § 3583(k)) was inapplicable because it was written to address the exploitation of minors, and since none of Parks's victims were minors, the statute could not apply to his case. Counsel raised this legislative-history argument in his sentencing memorandum as well as at the sentencing hearing, and he asked the District Court to impose two years of supervised release. But counsel never objected to the Guidelines provision, which—according to the PSR—also required a term of five years to life. The Government, for its part, argued that the Court should impose a 10-year term of supervised release.

At sentencing, the District Court explained that it had reviewed the PSR and sentencing memoranda. Turning to the supervised release portion of the sentence, the District Court stated that the Court "must impose a term of supervised release of five years to life" under the applicable statute and the Guidelines. A99. The District Court confirmed that neither the Government nor Parks's counsel requested a departure. A100–01. Finally, the District Court considered the relevant sentencing factors under 18 U.S.C. § 3553(a), heard from the Government, Parks's counsel, and Parks, and sentenced Parks to 22 months in prison followed by six years of supervised release.

The District Court made a few additional remarks after imposing the supervised release sentence. First, the Court noted that it believed the Government's request for 10 years of supervised release was "excessive." A131. And second, in response to the objection raised by Parks's counsel to the statutory provision of five years to life, the District Court stated:

> [W]hether the 5 years is required or not, I do think it's required, but regardless of whether it would be required or not, I would come out at 6 years anyway. So I don't think that legal point has much to do with my arriving at the 6-year [supervised release] point . . . .
>
> 6 years of supervised release is . . . a lot less than the Government wanted, but still a significant period of supervised release is warranted by the same kind of characteristics that, I think, push us toward . . . the top of the guideline range . . . . I am relying, I guess, primarily on the need to deter you and to protect the public in fashioning both the 22 months and the relatively long supervised – on the long end in terms of supervised release.

A132.

## B.

As it turns out, the District Court relied on the wrong provision of the Guidelines due to an error in the PSR that went undetected by Parks's counsel. Both Parks and the Government agree on appeal that the correct Guidelines provision called for only five years of supervised release—not five years to life.

To understand this error requires a brief tour of the Guidelines. The District Court relied on § 5D1.2(b)(2), based on the unopposed recommendation from the PSR. That provision calls for a term of supervised release "up to life [for] . . . a sex offense." U.S.S.G. § 5D1.2(b)(2). But as Application Note 1 to the provision explains, a "sex offense" within the meaning of § 5D1.2 is an offense "perpetrated against a minor."

*Id.*, Application Note 1.[1]  And because none of Parks's victims was a minor (or represented herself as such), § 5D1.2(b)(2) was the incorrect provision to apply.

The proper Guidelines provision was § 5D1.2(c).  Unlike subsection (b)(2), subsection (c) calls for just five years of supervised release.  Parks's offense carries a statutory term of supervised release of five years to life under 18 U.S.C. § 3583(k), but the Guidelines call for one to three years under U.S.S.G. § 5D1.2(a).  This difference is resolved by U.S.S.G.

---

[1]  Below is the full definition of "sex offense" provided by Application Note 1 to U.S.S.G. § 5D1.2:

> **1. Definitions**—For purposes of this guideline:
> "Sex offense" means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; (iv) an offense under 18 U.S.C. § 1201; or (v) an offense under 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (v) of this note. Such term does not include an offense under 18 U.S.C. § 2250 (Failure to register).
> "Minor" means (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years; and (ii) could be provided for the purposes of engaging in sexually explicit conduct, or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

§ 5D1.2(c), which restricts the applicable Guidelines range to a sentence of just five years.

To arrive at the correct Guidelines calculation under § 5D1.2(c), we begin with U.S.S.G. § 5D1.2(a) and end with Application Note 6. Section 5D1.2(a) provides, in relevant part: "Except as provided in subsections (b) and (c), if a term of supervised release is ordered, the length of the term shall be . . . (2) at least one year but not more than three years for a defendant convicted of a Class C or D felony . . . ." U.S.S.G. § 5D1.2(a). Parks's offense was a Class C felony, so he falls into the range of one to three years under § 5D1.2(a). *Compare* 18 U.S.C. § 3559(a)(3) (explaining that a Class C felony is an offense with a maximum prison term of "less than twenty-five years but ten or more years"), *with* 18 U.S.C. § 2421(a) (imposing a prison sentence of "not more than ten years"). However, § 5D1.2(c) calls for a term of supervised release "not less than any statutorily required term of supervised release." U.S.S.G. § 5D1.2(c). Subsection (c) is further explained by Application Note 6:

> [I]f subsection (a) provides a range of two years to five years, but the relevant statute requires a minimum term of supervised release of three years and a maximum term of life, the term of supervised release provided by the guidelines is restricted by subsection (c) to three years to five years. Similarly, if subsection (a) provides a range of two years to five years, but the relevant statute requires a minimum term of supervised release of five years and a maximum term of life, *the term of supervised release provided by the guidelines is five years*.

*Id.*, Application Note 6 (emphasis added). In short, Application Note 6 reconciles any discrepancy between the Guidelines for supervised release and the statutory term of supervised release. It confirms that the Guidelines call for just five years of supervised release for Parks's offense.

Parks timely appealed. He argues that his counsel provided ineffective assistance by failing to alert the District Court to this incorrect application of the Guidelines.

**II.**

"The Sixth Amendment right to counsel in 'all criminal prosecutions' is the right to the effective assistance of counsel." *United States v. Burroughs*, 613 F.3d 233, 238 (D.C. Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984)). To succeed on a claim of ineffective assistance, "a defendant must show that his lawyer's representation was deficient in a way that caused him prejudice." *Id.* "A counsel's performance is deficient if it fell below an objective standard of reasonableness, and prejudicial if there is at least a reasonable probability that it affected the outcome of the proceeding." *Johnson v. Wilson*, 960 F.3d 648, 654 (D.C. Cir. 2020), *cert. denied*, 141 S. Ct. 1127 (No. 20-707), (Jan. 11, 2021) (internal citations and quotation marks omitted).

When a defendant raises an ineffective assistance claim for the first time on direct appeal, "this [C]ourt's 'general practice is to remand the claim for an evidentiary hearing'" given the "the fact-intensive nature of the *Strickland* inquiry." *United States v. Rashad*, 331 F.3d 908, 909 (D.C. Cir. 2003) (quoting *United States v. Fennell*, 53 F.3d 1296, 1303–04 (D.C. Cir. 1995); and citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)). But we will decide ineffective assistance claims without remand in the rare circumstances where "the trial record . . . conclusively shows that the defendant either is or is

not entitled to relief." *Id.* at 910 (quoting *Fennell*, 53 F.3d at 1303–04) (internal quotation marks omitted).

Parks argues that this Court can decide his claim without remanding for an evidentiary hearing, because his case presents a rare instance where the record conclusively demonstrates his counsel's error. We agree, and so we turn to our analysis of Parks's claim under *Strickland*.

## III.

The Government concedes that Parks's counsel performed deficiently by failing to alert the District Court to the proper Guidelines provision. The only question is whether Parks was prejudiced by this deficient performance. *See Lee v. United States*, 137 S. Ct. 1958, 1964 (2017).

Under *Strickland*, a defendant is prejudiced where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of [] sentencing would have been different." *United States v. Abney*, 812 F.3d 1079, 1086 (D.C. Cir. 2016) (quoting *Strickland*, 466 U.S. at 694) (some brackets removed). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

We agree with Parks that the record of his sentencing shows a reasonable probability that the District Court would have chosen a five-year sentence but for his counsel's failure to object to the incorrect Guidelines provision.

## A.

"When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*,

136 S. Ct. 1338, 1345 (2016).[2]  Although "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," *id.* at 1346, this case does not present one of those instances.  In short, the District Court failed to "consider[] the correct Guidelines range" in sentencing, *id.* at 1347, and thus provided no explanation as to why "the sentence it chose was appropriate irrespective of the Guidelines range," *id.* at 1346.

Here, it is undisputed that the District Court used the wrong Guidelines range and that, "in the ordinary case," this error is enough to show prejudice.  *See Molina-Martinez*, 136 S. Ct. at 1347 ("[I]n the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder. Absent unusual circumstances, he will not be required to show more.").  But the Government argues that this case presents an exception.  Specifically, the Government argues that Parks was not prejudiced because "the district court thought the sentence it chose was appropriate *irrespective* of the Guidelines range," *id.* at 1346 (emphasis added), and it would therefore have imposed a six-year term of supervised release even if it had been made aware that the Guidelines range was five years, *see* Gov't's Br. 21.

---

[2] Though the Supreme Court announced this rule in the context of plain-error review of a sentencing decision, this Court has noted that there is an "analogy" between the standard of review for plain error under Federal Rule of Criminal Procedure 52(b), and the prejudice prong of *Strickland*.  *See United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994) ("[T]he *Strickland* formulation of 'prejudice' comes quite close to what we have required in plain-error cases."); *see also United States v. Hall*, 326 F.3d 1295, 1301 & n.10 (D.C. Cir. 2003) (rejecting an ineffective assistance of counsel claim as nonprejudicial, because the claim failed plain-error review).

The Government points to various statements made by the District Court indicating that it considered the six-year supervised release sentence to be warranted, in spite of arguments to the contrary made by Parks's counsel. *Id.* at 20. For instance, at the sentencing hearing, the District Court rejected an argument from Parks's counsel that the supervised release statute—18 U.S.C. § 3583(k)—was inapplicable, and responded that "whether the 5 years is required or not . . . I would come out at 6 years anyway." A132. The District Court also expressed skepticism about whether Parks "really [thought he] did something wrong here," A131, noting that Parks's offense was his career and his lifestyle, A132. And the District Court stated that Parks's sentence was formulated "primarily on the need to deter [Parks] and to protect the public in fashioning both the 22 months [in prison] and the relatively long supervised . . . release." A132.

But the Government reads too much into the District Court's statements. Far from indicating that the District Court would have imposed an identical sentence regardless of the applicable Guidelines provision, the record shows that the District Court firmly believed it was fashioning a *within-*Guidelines sentence. The District Court cited the Guidelines more than once before announcing Parks's sentence. *See* A99 ("The guideline requirement is also five years to life under Guidelines Section 5D1.2(b)(2)."); A131 ("[T]he guidelines recommend . . . ."); A132 (noting that six years of supervised release was "warranted by the same kind of characteristics that . . . push us toward . . . the top of the guideline range" for the term of imprisonment). The District Court also remarked that it was fashioning a sentence "not [at] the top end"—suggesting the Court believed it was choosing a lower-end, Guidelines-compliant sentence. A131. Furthermore, the District Court made statements indicating that it relied heavily on the advisory Guidelines at sentencing. *See* A130 (discussing Parks's criminal history and noting that it was "not something

that necessarily jumps out at me as warranting the high end of the guidelines, nor is it something . . . warranting the low end . . . to some degree, it's already reflected in the guideline range that's appropriate.").

Under these circumstances, we cannot say with complete confidence that the District Court would have imposed the same six-year sentence had Parks's counsel raised the Guidelines error below. To be sure, the District Court rejected the request by Parks's counsel to impose a less-than-five-year sentence under the applicable *statute*, but the record is "silent" as to what the District Court would have done had it "considered the correct Guidelines range." *See Molina-Martinez*, 136 S. Ct. at 1347; *see also* A132.

We agree with Parks that there is a reasonable probability the District Court would have selected a five-year sentence had his counsel corrected the error below. For one thing, this case shares an important similarity with *Molina-Martinez*, 136 S. Ct. at 1347. There, the district court imposed the "lowest sentence within what [it] believed to be the applicable range" of the Guidelines. *Id.* The Supreme Court explained that this "selection of a sentence at the bottom of the range, despite the Government's request for the maximum Guidelines sentence, evinced an intention to give the minimum recommended by the Guidelines." *Id.* at 1347–48 (internal quotation marks, alteration, and citation omitted). Here, too, the District Court imposed a six-year sentence of supervised release despite working from the understanding that the Guidelines advised up to a *life* term of supervision—and despite the Government's request for a ten-year term. That the District Court sentenced Parks toward the bottom of what it believed to be an extensive Guidelines range suggests that, had Parks's counsel performed effectively at sentencing, the District Court might well have chosen the lower, five-year Guidelines sentence. *Cf. id.* at 1348 ("Given these circumstances, there is at least a reasonable

probability that the District Court would have imposed a different sentence had it known that 70 months was in fact the lowest sentence the Commission deemed appropriate.").

Our conclusion is further supported by our well-established requirement that a district court justify, on the record, its decision to impose an upward variance from the Sentencing Guidelines.[3] *See United States v. Brown*, 892 F.3d 385, 404 (D.C. Cir. 2018) ("Thrice before, this court has held that an inadequately explained and insufficiently particularized upward variance constitutes plain error."). We have cautioned that "an upward variance is not supposed to reduplicate punishment already meted out by the Guidelines' range itself," so district courts "choosing an above-Guidelines sentence . . . [must] explain why the otherwise applicable Guidelines calculation does not fully account for the described criminal conduct." *Id.* at 405 (internal quotation marks omitted). "To sustain an upward variance, the district court . . . must state *the specific reason* why the defendant's conduct was more harmful or egregious than the typical case represented by the relevant Sentencing Guidelines range." *United States v. Murray*, 897 F.3d 298, 308–09 (D.C. Cir. 2018) (emphasis added) (internal quotation marks and brackets omitted).

In other words, a greater justification is required when district courts select an above- or below-Guidelines sentence, over a within-Guidelines sentence. By contrast, when a within-Guidelines sentence is challenged on appeal, this Court applies a presumption of reasonableness. *See, e.g.*, *United States v. Kaufman*, 791 F.3d 86, 89 (D.C. Cir. 2015); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). Where, as here, a

---

[3] "A variance refers to a non-Guidelines sentence imposed outside the guidelines framework based on the applicable factors in 18 U.S.C. § 3553(a) taken as a whole." *United States v. Murray*, 897 F.3d 298, 308 n.8 (D.C. Cir. 2018) (internal alterations, quotation marks, and citations omitted).

district court varies upward from the Guidelines, the court "cannot satisfy [its] requirement with generic recitations of the sentencing factors" and "must provide an explanation sufficiently compelling to support the degree of the variance." *Brown*, 892 F.3d at 405 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)) (internal quotation marks omitted).

This higher standard for justifying a variance further undermines our confidence in the outcome below. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Had the District Court been made aware of the five-year Guidelines by Parks's counsel, the District Court would have been required to state with "specific reason why the defendant's conduct was more harmful or egregious than the typical case" and why the case warranted an upward variance from five to six years. *Murray*, 897 F.3d at 308–09. But here, the District Court appeared to be saying the opposite at certain points—though the statements in the record are varied. *See* A128 ("[Y]our conduct was not, in some ways, stereotypical of what someone might think of as a pimp . . . you didn't beat anybody up, etcetera, and that is true."); A131 ("6 years . . . is substantially less than the Government wanted. I do think 10 years is excessive."); *but see* A129 ("I'd also say . . . this was conduct that you engaged in over a period of time . . . and the guidelines also specifically allow me to consider whether it was your career and lifestyle, and that is significant . . . .").

We hold that Parks has demonstrated a reasonable probability that, but for his counsel's failure to alert the District Court to the applicable Guidelines provision, the District Court would not have imposed the above-Guidelines sentence it chose. Because Parks has satisfied both prongs of the *Strickland* analysis, we conclude that his counsel provided ineffective assistance at sentencing.

## V.

For the foregoing reasons, we vacate the supervised release portion of Parks's sentence and remand for resentencing.

*So ordered.*