**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7649**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC JAVON THOMPSON, a/k/a Gigo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:16-cr-00075-D-1; 5:19-cv-00358-D)

Submitted:  November 30, 2021                    Decided:  December 13, 2021

Before WILKINSON, WYNN, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Eric Javon Thompson, Appellant Pro Se.  Dennis Duffy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Javon Thompson appeals the district court's order dismissing his 28 U.S.C. § 2255 motion. Following our initial review of the materials relative to this appeal, we granted a certificate of appealability and directed responsive briefing as to a single issue: whether the district court erred in dismissing Thompson's claim that his trial counsel rendered ineffective assistance by failing to object at sentencing to a life term of supervised release. For the reasons that follow, we vacate and remand for further proceedings on that claim.

We review de novo the district court's denial of a § 2255 motion. *United States v. Pressley*, 990 F.3d 383, 387 (4th Cir. 2021). Where, as here, "the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be viewed "in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007); *see also United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) ("A federal court in a [§ 2255] proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle her to relief.").[1]

---

[1] Although the district court relied on Fed. R. Civ. P. 12(b)(6) when dismissing the motion, its decision was akin to a summary judgment ruling, as it relied on materials beyond the face of the motion in evaluating Thompson's claims. *See* Rule 4(b), Rules Governing Section 2255 Proceedings (requiring dismissal of § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief"); *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021) (explaining Rule 12(b)(6) standard); *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (discussing consideration of evidentiary materials under Rule 12(b)(6)); *see also*
(Continued)

To establish ineffective assistance, Thompson must demonstrate that (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the performance prong, Thompson bears the burden to establish that "his counsel's performance fell below an objective standard of reasonableness measured by prevailing professional norms," and, thus, "made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." *Porter v. Zook*, 898 F.3d 408, 434 (4th Cir. 2018) (internal quotation marks omitted). The Court "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted).

A defense attorney's failure to assert a meritorious Sentencing Guidelines challenge can constitute ineffective assistance of counsel. *See United States v. Carthorne*, 878 F.3d 458, 466-67 (4th Cir. 2017). The movant must demonstrate that "relevant authority strongly suggest[ed]" the argument was warranted "in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Morris*, 917 F.3d 818, 823-24 (4th Cir. 2019) (internal quotation marks omitted). While "[a] lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-

---

Rule 12, Rules Governing Section 2255 Proceedings (permitting application of Federal Rules of Civil Procedure "to the extent that they are not inconsistent with . . . these rules").

3

existing precedent," attorneys "are obliged to make arguments that are sufficiently foreshadowed in existing case law." *Id.* (alterations and internal quotation marks omitted).

To demonstrate prejudice, Thompson must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (internal quotation marks omitted). In the sentencing context, Thompson must demonstrate "a reasonable probability that [he] would have received a different sentence" but for counsel's error. *Sears v. Upton*, 561 U.S. 945, 956 (2010).

Viewing Thompson's motion and the record in the light most favorable to Thompson, we conclude that the district court erred in dismissing Claim 5 of Thompson's § 2255 motion. Thompson asserts that his counsel performed deficiently by failing to research and object to the Guidelines range of supervised release applicable to one of his counts of conviction: a violation of 18 U.S.C. § 2421(a) (Count 3), for which he was sentenced to the life term. The district court rejected this argument based substantially on its conclusion that any such challenge to his Guidelines range would have been meritless. In fact, the record reveals that the district court applied an incorrect Guidelines range of supervised release for Count 3 at sentencing, to which his counsel did not object.

Thompson's presentence report, which the sentencing court adopted, provided for a Guidelines range of supervised release of five years to life, referencing U.S. Sentencing Guidelines Manual § 5D1.2(b)(2) (2016). Under that provision, if a defendant is convicted of "a sex offense," the court should impose a supervised release term "not less than the minimum term of years specified for the offense" based on its offense class, "and may

4

[impose] up to life." USSG § 5D1.1(b)(2). The Guideline's policy statement likewise recommends a supervised release term at the statutory maximum if the defendant was convicted of a "sex offense." USSG § 5D1.2(b), p.s. A "sex offense" is defined for purposes of USSG § 5D1.2 as "an offense, *perpetrated against a minor*, under" certain specified criminal statutes, or an attempt or conspiracy to commit such an offense. USSG § 5D1.2 cmt. n.1 (emphasis added); *see United States v. Parks*, 995 F.3d 241, 244 (D.C. Cir. 2021) (explaining that "sex offense" under USSG § 5D1.2 requires conduct perpetrated against minor); *United States v. Goodwin*, 717 F.3d 511, 518-19 (7th Cir. 2013) (same); *United States v. Thundershield*, 474 F.3d 503, 510 n.8 (8th Cir. 2007) (same). As the Government acknowledges, Thompson's § 2421 offense was not perpetrated against any minors, *see* USSG § 5D1.2 cmt. n.1 (defining "minor"), and USSG § 5D1.2(b)(2) does not apply.

For Class C felonies such as Thompson's § 2421 conviction, *see* 18 U.S.C. §§ 2421(a), 3559(a)(3), a Guidelines range of one to three years' supervised release typically applies, USSG § 5D1.2(a)(2). However, the Guidelines also provide that "[t]he term of supervised release imposed shall be not less than any statutorily required term of supervised release." USSG § 5D1.2(c). Thompson's § 2421 conviction carries a statutory term of five years' to life supervised release. 18 U.S.C. § 3583(k). We previously have recognized that, under the Guidelines in effect on or after November 1, 2014, "where the statutory minimum term of supervised release is greater than the advisory Guidelines range, section 5D1.2(c) operates to create an advisory term of a 'single point' at the statutory minimum." *United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015); *see* USSG § 5D1.2

5

cmt. n.6; *United States v. Collins*, 773 F.3d 25, 32 (4th Cir. 2014). Thus, Thompson was properly subject to a Guidelines "range" of five years' supervised release.[2] *See Price*, 777 F.3d at 711; *Collins*, 773 F.3d at 32; *accord Parks*, 995 F.3d at 244-45 (explaining that § 2421(a) offense not involving minor was not "sex offense" for purposes of USSG § 5D1.2 and, thus, was subject to Guidelines range of five years' supervised release).

Viewing the record in the light most favorable to Thompson, we conclude that the district court erred in rejecting Thompson's ineffective assistance claim as a matter of law. *See Parks*, 995 F.3d at 246-49 (prejudice prong); *Morris*, 917 F.3d at 823-24 (performance prong). Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. In so doing, we express no view as to what the appropriate term of supervised release in Thompson's case should ultimately be.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] Indeed, we have already suggested as much in Thompson's direct appeal under *Anders v. California*, 386 U.S. 738 (1967), when we directed the parties to provide merits briefing addressing whether the court plainly erred in miscalculating the Guidelines range of supervised release for Count 3. *See United States v. Parks*, No. 17-4358 (4th Cir. Mar. 7, 2018) (unpublished order).