Circuit Judge Henderson joins.
Dissenting opinion filed by Circuit Judge Rogers.
Kavanaugh, Circuit Judge
When a defendant enters into a plea agreement with the Government, the defendant may agree to waive the right to appeal the sentence. At the defendant's subsequent plea hearing, the district court must ensure that the defendant understands that appeal waiver. In particular, Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure requires the district court, at the plea hearing, to "determine that the defendant understands" the "terms of any plea-agreement provision waiving the right to appeal" the defendant's sentence.
Suppose that a defendant agrees to plead guilty and signs a written plea agreement that waives the right to appeal the sentence. But then the district court, in violation of Rule 11, fails to discuss the appeal waiver at the plea hearing. On appeal, do we still enforce the appeal waiver?
This Court has not yet decided how a district court's failure to comply with Rule 11(b)(1)(N) affects the validity of an appeal waiver. The text of Rule 11(h) guides our analysis. Rule 11(h) provides that a Rule 11 error must be deemed harmless if the error did not affect the defendant's "substantial rights." A Rule 11(b)(1)(N) error at the plea hearing does not affect the *505 defendant's substantial rights if the defendant still knowingly, intelligently, and voluntarily waived the right to appeal. To determine whether the defendant knowingly, intelligently, and voluntarily waived the right to appeal, the court of appeals must examine the entire record, including both the written plea agreement and the plea hearing.
In this case, defendant John Han Lee entered into a written plea agreement with the Government. In the plea agreement, Lee waived his right to appeal a sentence that was within or below the applicable Guidelines range. At Lee's subsequent plea hearing, the District Court did not discuss the appeal waiver. Lee pled guilty and was later sentenced to a within-Guidelines sentence of 18 months in prison, to be followed by three years of supervised release. He has appealed his sentence.
After examining the entire record, we conclude that Lee knowingly, intelligently, and voluntarily waived the right to appeal his within-Guidelines sentence. We therefore enforce the appeal waiver and dismiss Lee's appeal.
I
In 2013, John Han Lee entered into a written plea agreement with the Government. Under the terms of the plea agreement, Lee agreed to plead guilty to one count of bribery of a public official and one count of conspiracy to commit bank fraud. The plea agreement included the following appeal waiver:
Your client is also aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, (b) the Court departs upward from the applicable Sentencing Guidelines range pursuant to the provisions of U.S.S.G. §§ 5K2, or (c) the Court imposes a period of incarceration above the guidelines range for a total offense level of 25 based on a Criminal History Category I.... In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, your client knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by this Office in this Plea Agreement.
Lee signed the plea agreement. The agreement stated that Lee had read and understood the agreement, that he had discussed it with his counsel, and that he was entering into the agreement "without reservation," "voluntarily," and of his "own free will." The agreement also stated that Lee was "satisfied" with his counsel's services. Lee's counsel-who was an experienced criminal defense attorney-also signed the plea agreement, affirming that he had "fully" discussed the agreement's provisions with Lee. App. 35.
Lee then pled guilty before a magistrate judge. At the plea hearing, Lee stated that he had attended college for a few years. The magistrate judge asked Lee to confirm that he had "completely and thoroughly discussed" the plea with his counsel. Lee said that he had. Lee also said that he was satisfied with his counsel's services. Lee confirmed that he had read the written plea agreement "very carefully" and that his signature indicated his acceptance of the agreement's terms. Finally, *506 the magistrate judge asked Lee if he had any questions about the plea agreement. Lee said that he did not. App. 39-42.
The magistrate judge did not question Lee about the appeal-waiver provision and, indeed, never mentioned the appeal-waiver provision. Lee's counsel did not object to the magistrate judge's failure to discuss the appeal-waiver provision.
At the end of the plea hearing, the magistrate judge determined that Lee was pleading guilty knowingly and voluntarily. The magistrate judge therefore recommended that the District Court accept Lee's plea. The District Court in turn accepted the plea.
The District Court later sentenced Lee to a within-Guidelines sentence of 18 months of imprisonment and three years of supervised release.
Lee has appealed his sentence, asking us to vacate most of the conditions of supervised release. Because we conclude that Lee waived his right to appeal his sentence, we dismiss the appeal.
II
We must decide whether to enforce the appeal waiver contained in Lee's written plea agreement. We have held that a "waiver of the right to appeal a sentence is presumptively valid and is enforceable if the defendant's decision to waive is knowing, intelligent, and voluntary." In re Sealed Case , 702 F.3d 59, 63 (D.C. Cir. 2012). An appeal waiver is knowing, intelligent, and voluntary if the defendant "is aware of and understands the risks involved" in waiving the right to appeal. United States v. Guillen , 561 F.3d 527, 529 (D.C. Cir. 2009).
To help ensure that a defendant's appeal waiver is knowing, intelligent, and voluntary, Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure requires the district court, at the plea hearing, to "inform the defendant of, and determine that the defendant understands, ... the terms of any plea-agreement provision waiving the right to appeal" the defendant's sentence.
Here, Lee signed a written plea agreement with the Government in which he waived his right to appeal a within-or below-Guidelines sentence. At the plea hearing, however, the magistrate judge failed to discuss the appeal waiver. That was error under Rule 11(b)(1)(N). The question is: What are the consequences of that error?
One might argue that a court of appeals should automatically deem an appeal waiver not knowing, intelligent, and voluntary if the district court failed to discuss the appeal waiver at the defendant's plea hearing. But no court of appeals has adopted that automatic approach. That is not a surprise, because the problem with such an approach is evident. When the defendant knowingly, intelligently, and voluntarily waives the right to appeal, it makes little sense to deem the appeal waiver not knowing, intelligent, and voluntary merely because it was not mentioned at the plea hearing. Moreover, such an automatic approach would grant a windfall to the defendant. In a plea agreement, the defendant obtains certain benefits, and the Government obtains certain benefits. One of the benefits the Government sometimes bargains for is the defendant's waiver of the right to appeal the sentence. When the defendant knowingly, intelligently, and voluntarily waives the right to appeal but later can still appeal because of a technical violation at the plea hearing, the Government loses that benefit, and the defendant obtains a windfall.
Rule 11 deals with those concerns. In particular, Rule 11(h) provides that a district court's error in the Rule 11 plea colloquy must be deemed harmless if the *507 error did not affect the defendant's "substantial rights." Fed. R. Crim. P. 11(h). Rule 11(h) thereby helps ensure that "ceremony" is not "exalted over substance." Id. , Advisory Committee Notes to 1983 Amendments.
As applied to appeal waivers, Rule 11(h)'s harmless error rule raises the following question: When does a district court's error in failing to discuss an appeal waiver during a plea hearing affect a defendant's "substantial rights"? The answer is straightforward: The district court's error-failure to mention the appeal waiver at the plea hearing-cannot possibly be said to have affected the defendant's substantial rights if the defendant still knowingly, intelligently, and voluntarily waived the right to appeal. Conversely, a defendant's substantial rights are affected by a district court's failure to discuss the appeal waiver at the plea hearing if the defendant did not knowingly, intelligently, and voluntarily waive the right to appeal.[1]
To determine whether the defendant knowingly, intelligently, and voluntarily waived the right to appeal, the court of appeals must analyze the entire record. See United States v. Laslie , 716 F.3d 612, 616 (D.C. Cir. 2013) (appeals court examines entire record to determine whether an appeal waiver is knowing, intelligent, and voluntary); cf. United States v. Vonn , 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (appeals court may consult entire record when considering effect of Rule 11 error on substantial rights). A written plea agreement in which the defendant waives the right to appeal is strong evidence that the defendant knowingly, intelligently, and voluntarily waived the right to appeal. Of course, a written plea agreement on its own does not end the inquiry. Rather, the court of appeals must examine, among other things, the clarity of the written plea agreement, the defendant's signature on the agreement, defense counsel's signature on the agreement, the defendant's statements at the plea hearing, defense counsel's statements at the plea hearing, and the judge's questioning and statements at the plea hearing.[2]
*508 III
In the District Court, Lee did not object to the Rule 11(b)(1)(N) error that occurred at his plea hearing. As a result, he has the burden to show that the error affected his substantial rights. He must demonstrate that he did not knowingly, intelligently, and voluntarily waive his right to appeal. Lee has not made that showing.[3]
To begin with, the language of the appeal-waiver provision in the written plea agreement was crystal clear. Lee signed the agreement. The agreement stated that Lee had read and "fully" understood the agreement, had discussed it with his counsel, and was entering into the agreement voluntarily.
During the plea process, Lee's counsel was an experienced criminal defense attorney. Lee's counsel also signed the plea agreement and affirmed that he and Lee had "fully" discussed the agreement's provisions. As the Federal Public Defender stated at oral argument in our Court, moreover, it is standard practice for criminal defense attorneys to discuss appeal waivers with their clients when considering plea agreements. See Tr. of Oral Arg. at 38:19-39:1 (Court: "Wouldn't Counsel ordinarily discuss the appeal waiver with a Defendant who's signing an agreement?" Mr. Kramer: "I have to say yes, because of course a lawyer is supposed to do that. ... In how much detail, varies immensely amongst counsel.").
At the plea hearing, Lee orally reaffirmed to the Court that he had read the plea agreement "very carefully," had "completely and thoroughly discussed" the plea deal with his counsel, and did not have any questions about the plea agreement. Lee stated, in addition, that he was satisfied with his counsel.
On the other side of the ledger, we find no record evidence suggesting that Lee was confused or somehow misunderstood the appeal-waiver provision of the plea agreement during the plea process.
Lee suggests that the District Court muddied Lee's understanding of the appeal-waiver provision when the court made an overbroad statement at the later sentencing hearing that Lee had a right to appeal his sentence. In so arguing, Lee points to cases where we have declined to enforce an otherwise unambiguous appeal waiver because the district court mischaracterized the waiver at the plea hearing . See, e.g. , United States v. Kaufman , 791 F.3d 86, 88 (D.C. Cir. 2015) ; United States v. Godoy , 706 F.3d 493, 495-96 (D.C. Cir. 2013). But Lee's case is different, because "a statement made at the sentencing hearing ," even if it was misleading, "could not have informed (or misinformed )" his decision to waive his right to appeal, which "was made at the earlier plea hearing ." United States v. Guillen , 561 F.3d 527, 531 (D.C. Cir. 2009) (emphasis added ); see United States v. Cook , 722 F.3d 477, 482 (2d Cir. 2013).
In short, we conclude that Lee knowingly, intelligently, and voluntarily waived his right to appeal his sentence. The District *509 Court's Rule 11(b)(1)(N) error at the plea hearing therefore did not affect Lee's substantial rights. In so ruling, we emphasize that Rule 11(h)'s harmless error rule "should not be read as an invitation to trial judges to take a more casual approach to Rule 11 proceedings. ... Subdivision (h) makes no change in the responsibilities of the judge at Rule 11 proceedings, but instead merely rejects the extreme sanction of automatic reversal." Fed. R. Crim. P. 11(h), Advisory Committee Notes to 1983 Amendments.
* * *
We conclude that Lee knowingly, intelligently, and voluntarily waived the right to appeal his within-Guidelines sentence. We therefore dismiss Lee's appeal.
So ordered.

Apart from those circumstances, we also will not enforce an appeal waiver if (1) "the defendant makes a colorable claim he received ineffective assistance of counsel in agreeing to the waiver," (2) "the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of justice," or (3) the sentencing court rests the sentence on "a constitutionally impermissible factor, such as the defendant's race or religion." United States v. Guillen , 561 F.3d 527, 530-31 (D.C. Cir. 2009). Lee does not invoke any of those three exceptions to enforcement here.

If an appeal waiver is not knowing, intelligent, and voluntary, then a court of appeals has to decide whether the proper remedy is to void the appeal waiver while maintaining the guilty plea, to allow the defendant to withdraw the guilty plea, to give the defendant a choice between those two remedies, or to do something else altogether. This Court has previously voided an invalid appeal waiver while allowing the defendant to preserve his guilty plea. See, e.g. , United States v. Hunt , 843 F.3d 1022 (D.C. Cir. 2016) ; United States v. Kaufman , 791 F.3d 86 (D.C. Cir. 2015) ; United States v. Fareri , 712 F.3d 593 (D.C. Cir. 2013) ; United States v. Godoy , 706 F.3d 493 (D.C. Cir. 2013). Other federal courts of appeals vary in their approaches to the remedy. See, e.g. , United States v. Borrero-Acevedo , 533 F.3d 11, 16-19 (1st Cir. 2008) ; Tellado v. United States , 745 F.3d 48, 53-55 (2d Cir. 2014) ; United States v. Goodson , 544 F.3d 529, 539-41 (3d Cir. 2008) ; United States v. Manigan , 592 F.3d 621, 627-28 (4th Cir. 2010) ; United States v. Oliver , 630 F.3d 397, 411-12 (5th Cir. 2011) ; United States v. Murdock , 398 F.3d 491, 496-98 (6th Cir. 2005) ; United States v. Sura , 511 F.3d 654, 658-62 (7th Cir. 2007) ; United States v. Frook , 616 F.3d 773, 777 (8th Cir. 2010) ; United States v. Arellano-Gallegos , 387 F.3d 794, 796-97 (9th Cir. 2004) ; United States v. Edgar , 348 F.3d 867, 870-73 (10th Cir. 2003). The Supreme Court has not addressed the proper remedy for an invalid appeal waiver. Cf. United States v. Dominguez Benitez , 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (addressing what a defendant needs to show in order to reverse his conviction due to a Rule 11 error at the plea hearing).

Where, as here, a defendant fails to object to a Rule 11 violation in the district court, our review is for plain error, with the burden on the defendant to show that the error affected his substantial rights. If the error had been preserved in the District Court, our review would be for harmless error, with the burden on the Government to show that the error did not affect substantial rights. See United States v. Vonn , 535 U.S. 55, 58-59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).