# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-3044**

**September Term, 2021**

FILED ON: NOVEMBER 30, 2021

UNITED STATES OF AMERICA,
> APPELLEE

v.

JAMAR GAGE, ALSO KNOWN AS GO, ALSO KNOWN AS GO GO,
> APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cr-00112-3)

---

Before: KATSAS and WALKER, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **AFFIRM** Gage's sentence.

\* \* \*

On January 23, 2020, Jamar Gage pleaded guilty to conspiring to distribute, and possessing with the intent to distribute, one kilogram or more of a substance or mixture containing a detectable amount of PCP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iv), and 846.

As part of his plea agreement, Gage waived "the right to appeal the sentence in this case, including but not limited to any term of imprisonment . . . and the manner in which the sentence was determined, except to the extent the Court sentences [Gage] above the statutory maximum or guidelines range determined by the Court." S.A. 21.

Gage's sentence — the statutory minimum of 10 years — is less than the statutory maximum (life) and within the United States Sentencing Guidelines range determined by the District Court (10 years, to 11 years and 5 months).

Despite that, Gage seeks to appeal his sentence. He argues that his criminal history score was improperly calculated and that he was eligible for a safety-valve sentence below the otherwise-applicable statutory minimum.

He has, however, waived his right to raise those arguments on appeal. *See United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009).

\* \* \*

Reviewing Gage's appeal waiver de novo, we ask three questions: (1) does the waiver unambiguously foreclose the defendant's claims; (2) was the defendant's waiver knowing, intelligent, and voluntary; and (3) were the proceedings in the District Court free of a colorable claim of "ineffective assistance of counsel in agreeing to the waiver" and free of a miscarriage of justice caused by a material procedural error at sentencing? *United States v. Hunt*, 843 F.3d 1022, 1027 (D.C. Cir. 2016) (question 1); *United States v. Lee*, 888 F.3d 503, 506 (D.C. Cir. 2018) (question 2); *United States v. Adams*, 780 F.3d 1182, 1183 (D.C. Cir. 2015) (cleaned up) (question 3).

As to the first question, we will not dismiss "a criminal defendant's appeal if his waiver only arguably or ambiguously forecloses his claims." *Hunt*, 843 F.3d at 1027. The relevant portion of Gage's appeal waiver (quoted above) explicitly states that Gage was giving up the right to appeal his sentence with two exceptions. The first exception covers a claim that the District Court sentenced him above the statutory maximum. The second exception covers a claim that the District Court sentenced him above the Guidelines range it determined.

Here, Gage makes neither of those claims. Instead, on appeal, he argues for a new Guidelines range that would trigger his eligibility for a safety-valve sentence. His appeal waiver therefore unambiguously forecloses this appeal.

Turning to the next question, we "must analyze the entire record" to determine whether a defendant knowingly, intelligently, and voluntarily waived his right to appeal. *Lee*, 888 F.3d at 507. Although "[a] written plea agreement in which the defendant waives the right to appeal is strong evidence," we also "examine, among other things, the clarity of the written plea agreement, the defendant's signature on the agreement, defense counsel's signature on the agreement, the defendant's statements at the plea hearing, defense counsel's statements at the plea hearing, and the judge's questioning and statements at the plea hearing." *Id.*

Here, Gage's appeal waiver was knowing, intelligent, and voluntary. To begin with, the written plea agreement was clear. Both Gage and his attorney signed it, acknowledging that they had read it and discussed it with each other. In addition, at the plea hearing, the District Court placed Gage under oath, and based upon Gage's statements and the parties' representations, it determined that: Gage was competent; Gage understood everything required by Federal Rule of Criminal Procedure 11(b)(1); Gage's plea was voluntary; and there was a factual basis for Gage's

plea.  Finally, after all that, the District Court went even further and said to Gage: "Now, if I accept your guilty plea, which I am ready to do, I want you to understand that it's very hard to withdraw it.  So you can't change your mind. . . . It's an important decision for you.  All right. Do you want me to accept your guilty plea at this time?"  S.A. 73.  Gage replied, "Yes, Your Honor.  Please."  *Id.*

Finally, we will not enforce an otherwise valid appeal waiver "if the defendant makes a colorable claim he received ineffective assistance of counsel in agreeing to the waiver or if the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of justice."  *Adams*, 780 F.3d at 1183 (cleaned up).  Gage makes none of those claims.

We therefore affirm Gage's sentence.

\* \* \*

This disposition is unpublished.  *See* D.C. Cir. R. 36(d).  We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

3