United States Court of Appeals

For the Eighth Circuit

_____

No. 21-1736

_____

United States of America

*Plaintiff - Appellee*

v.

Arthur Delong, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: January 11, 2022
Filed: June 30, 2022
[Unpublished]
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Arthur Delong III, pled guilty to one count of assault resulting in serious bodily
injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. At sentencing, the district

court[1] calculated his United States Sentencing Guidelines advisory sentencing range as 41 to 51 months imprisonment. Despite a provision of the plea agreement whereby the United States and Delong jointly recommended a sentence of 12 months imprisonment, the district court sentenced him to 41 months imprisonment to be followed by a term of 3 years of supervised release. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

The government has moved to dismiss this appeal based on the appeal waiver contained in the written plea agreement. "As a general rule, a defendant is allowed to waive appellate rights." United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). However, before enforcing an appeal waiver contained in a plea agreement, we have an obligation to "confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." Id. at 889-90. Here, we decline to enforce the appeal waiver and deny the motion to dismiss because, at the change of plea hearing, the district court did not explain the terms of the appeal waiver or ensure that Delong understood those terms. See Fed. R. Crim. P. 11(b)(1)(N) ("Before the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."); see also United States v. Boneshirt, 662 F.3d 509, 516 (8th Cir. 2011) (stating that Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure requires the court to engage in a colloquy with defendant about the appeal waiver); see also United States v. Ramirez, 764 F. App'x. 567, 567 (8th Cir. 2019) (per curiam) (declining to enforce appeal waiver in plea agreement where the district court, at the change-of-plea hearing, did not adequately explain the terms of appeal waiver or

---

[1]The Honorable Peter D. Welte, United States District Judge for the District of North Dakota.

ensure the defendant understood them); <u>Silk v. United States</u>, 712 F. App'x. 586, 586 (8th Cir. 2018) (per curiam) (concluding that collateral review waiver in plea agreement was unenforceable where the district court neither informed the defendant of the terms of waiver nor determined that he understood them); <u>United States v. Medrano-Rodriguez</u>, 588 F. App'x. 510, 510 (8th Cir. 2014) (denying government's motion to enforce appeal waiver in plea agreement and dismiss appeal because Court had "some concern as to whether the district court drew appellant's attention to the waiver in the manner contemplated by Federal Rule of Criminal Procedure 11(b)(1)(N)").

Turning to the merits of Delong's appeal, Delong argues that his sentence is substantively unreasonable because the district court erred in weighing the sentencing factors. Specifically, Delong contends that the district court placed too much weight on Delong's criminal history including his 2007 state court aggravated assault conviction and the resulting five year sentence and too little weight on: the alleged comparatively minor nature of the instant assault, a single blow to the victim's face; that the assault occurred in 2018 but was not charged until 2020; that the range of punishment would have been lower if the assault had been charged in state court; that the victim had little contact with the prosecutors, "indicating a desire to simply move on"; that the assault was a "less serious" adult male on adult male crime; Delong's acceptance of responsibility; his age at sentencing—40 years old; his rehabilitation; and his positive attributes.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). However, a within-Guidelines sentence is presumptively reasonable. <u>United States v. Perkins</u>, 526 F.3d 1107, 1110 (8th Cir. 2008). In this case, the district court adequately considered the statutory sentencing factors under 18 U.S.C. § 3553(a) and did not rely on an improper factor or commit a clear error of judgment. The court considered the content of the presentence investigation report, heard the

arguments of the United States and Delong's counsel with respect to the factors Delong now urges, see United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) (where the district court heard argument concerning specific § 3553(a) factors we may presume the court considered those factors), and extensively discussed the offense conduct. The district court also adequately considered mitigating factors and was entitled to place more weight on Delong's history and characteristics including his extensive criminal history, which revealed that the facts of Delong's 2007 assault conviction were similar to the facts of this case. See United States v. Hewitt, 999 F.3d 1141, 1149 (8th Cir. 2021) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." (citation omitted)). Finally, that the district court did not weigh factors as Delong would prefer does not constitute an abuse of discretion. See United States v. Hall, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam).

For the foregoing reasons, we deny the government's motion to dismiss the appeal and affirm the judgment of the district court.

STRAS, Circuit Judge, dissenting.

I would enforce the appeal waiver. The plea colloquy did not fall short, it went too far: the district court informed Delong that he had waived all appellate rights, including those he had explicitly reserved in the plea agreement. Now he wants to appeal, but none of the issues he raises falls into any of the categories of claims he reserved. Under these circumstances, when Delong was willing to plead guilty despite being told he waived all appellate rights, I cannot imagine how being told that he waived *fewer* of them would have made him *less* likely to agree to the appeal waiver and plead guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82–83 (2004); *see also United States v. Lee*, 888 F.3d 503, 507 (D.C. Cir. 2018) (Kavanaugh, J.) (explaining that an error "cannot possibly be said to have affected the defendant's substantial rights if the defendant still knowingly, intelligently, and

-4-

voluntarily waived the right to appeal").  In the words of Federal Rule of Criminal Procedure 11(h), any "variance from the requirements" must have been "harmless error" because it did not "affect [Delong's] substantial rights."  *See Lee*, 888 F.3d at 504, 508–09 (enforcing a written appeal waiver because the district court's complete "fail[ure] to discuss" it was harmless).  For that reason, I would dismiss the appeal.

_____