# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-3044**

**September Term, 2023**

FILED ON: MAY 3, 2024

UNITED STATES OF AMERICA,
　　　　　　APPELLEE

v.

JEREMIAH MCCRIMMON,
　　　　　　APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00223)

---

Before: KATSAS and PAN, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## **JUDGMENT**

This appeal was considered on the briefs and the district-court record. The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

Jeremiah McCrimmon abducted a young girl in Maryland, brought her to the District of Columbia, and sexually assaulted her there. A grand jury charged McCrimmon with violating a protective order, kidnapping, and multiple counts of sexual abuse. McCrimmon decided to plead guilty to several of these offenses. In exchange, prosecutors dropped the other charges.

McCrimmon's written plea agreement contained an appeal waiver. Absent ineffective assistance of counsel, which is not alleged here, the waiver bars McCrimmon from appealing any sentence within the applicable guidelines range. McCrimmon and his counsel both signed the agreement, which indicates that they had read every page and discussed it with each other. At the plea hearing, McCrimmon once again affirmed that he understood the rights he was giving up by pleading guilty, including the right to appeal outside of a few narrow circumstances. Satisfied that McCrimmon was knowingly relinquishing his rights, the district court accepted the plea.

At a sentencing hearing nine months later, McCrimmon expressed some confusion. When asked whether he understood the presentence report and sentencing process, McCrimmon demurred that he needed "more clarity." J.A. 140. The district court allowed him to take 30 minutes to discuss the presentence report and sentencing guidelines with his lawyer. *Id.* at 144–45. After the break, McCrimmon confirmed that he was ready to proceed with sentencing.

The district court sentenced McCrimmon to 384 months in prison, which was within the applicable guidelines range. The court rejected McCrimmon's recommendation of 240 months because his crime was "one of the most grotesque" the court had ever seen, and McCrimmon did not appear particularly remorseful. J.A. 171–72, 174–75. McCrimmon now appeals, arguing that the sentence was substantively unreasonable.

We need not decide that issue, however, because McCrimmon's appeal waiver covers challenges to the reasonableness of his within-guidelines sentence. If a waiver is valid and covers the appeal, then we ordinarily enforce the waiver. *United States v. Hunt*, 843 F.3d 1022, 1027 (D.C. Cir. 2016). A waiver is valid if the defendant agreed to it "knowingly and voluntarily." *Khadr v. United States*, 67 F.4th 413, 418–19 (D.C. Cir. 2023), *cert. filed*. This standard applies even when, as is often the case, the defendant waives the right to appeal before he knows what his sentence will be. *See United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009).

McCrimmon does not dispute that the appeal waiver covers his challenge to the reasonableness of his sentence, but he objects that the waiver was not knowing. The record shows otherwise. For starters, McCrimmon signed the plea agreement, which unambiguously explained what rights he was giving up. During the plea colloquy, the district court again explained those rights, and McCrimmon again confirmed his understanding of the bargain. These facts are strong evidence that McCrimmon's waiver was knowing and voluntary. *See United States v. Davis*, 45 F.4th 73, 80–81 (D.C. Cir. 2022).

McCrimmon points to his hesitance at the sentencing hearing. But McCrimmon had already pleaded guilty at that point, and the district court had already accepted his plea. Confusion months later does not cast doubt on whether the plea was knowing when made. *See United States v. Lee*, 888 F.3d 503, 508 (D.C. Cir. 2018). In any event, at the sentencing hearing, the district court gave McCrimmon time to speak with his lawyer, after which McCrimmon confirmed that he was ready to go forward. Nothing in the record suggests that McCrimmon "misunderstood or lacked awareness of the appeal waiver's terms." *Davis*, 45 F.4th at 81.

For these reasons, the district court's judgment is affirmed. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

                                  **FOR THE COURT:**
                                  Mark J. Langer, Clerk

BY:    /s/
             Daniel J. Reidy
             Deputy Clerk