# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-3051

September Term, 2024

FILED ON: NOVEMBER 27, 2024

UNITED STATES OF AMERICA,
  APPELLEE

v.

MICHAEL JABAAR WILKINS,
  APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00390-1)

Before: SRINIVASAN, *Chief Judge*, HENDERSON and GARCIA, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated in the memorandum accompanying this judgment, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

# **M E M O R A N D U M**

In July 2021, Michael Jabaar Wilkins pleaded guilty to one count of sex trafficking in violation of 18 U.S.C. § 1591. Before sentencing, Wilkins moved to withdraw his plea, arguing that he had a legally cognizable defense and that the plea was tainted by the ineffective assistance of counsel. The district court denied the motion and sentenced Wilkins to 240 months of imprisonment. On appeal, Wilkins contends that the court abused its discretion in denying his motion to withdraw the plea. We disagree and accordingly affirm.

## I

On December 9, 2020, a federal grand jury returned a superseding indictment against Michael Jabaar Wilkins, charging him with ten criminal counts related to the trafficking of three female victims—identified as J.J., O.R. and L.H.—between 2011 and 2019. The government alleged that Wilkins trafficked these women from Norfolk, Virginia, to the District of Columbia, where he coerced them into engaging in commercial sexual acts under violent and exploitative conditions. According to the government, Wilkins used threats and force to control the victims, subjecting them to frequent and severe physical violence.

Wilkins' trial was scheduled for April 2021 but, at Wilkins' request, it was postponed to July 26, 2021. On July 13, 2021, Wilkins' counsel, Joseph Caleb, moved to withdraw. According to Caleb, the attorney-client relationship had "broken down and [could not] be repaired" and Wilkins had "demanded" that Caleb withdraw from the case. The government opposed the motion, viewing it as a delay tactic. After an *ex parte* discussion with Wilkins and Caleb, the district court denied the motion.

Days before the trial was to begin, the parties reached a plea agreement. On July 20, 2021, Wilkins agreed to plead guilty to one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1). In exchange, the government agreed to dismiss the remaining nine counts of the indictment. The plea agreement also outlined an estimated sentencing guidelines range of 324 to 405 months of imprisonment. It noted that the government, in its sole discretion, could determine whether Wilkins provided "substantial assistance" to law enforcement, potentially permitting him to escape the 180-month mandatory minimum sentence prescribed by § 1591(b)(1). Wilkins signed the agreement, acknowledging that he had read it, discussed it with Caleb, understood it and that he was "satisfied" with Caleb's representation.

At the July 21, 2021 plea hearing, during his colloquy with the district court, Wilkins confirmed under oath that he understood the terms of the plea agreement. He also confirmed that he had sufficient time to discuss the agreement with Caleb, although he initially expressed concern about the short time he had to consult with him about the case generally. Wilkins affirmed that he was satisfied with Caleb's representation regarding the plea agreement and acknowledged that he had reviewed and understood the charges and potential penalties, including the minimum and maximum sentences. He also stated that no one had forced him to plead guilty, that he was doing so voluntarily and that he was not under the influence of any substance. Caleb also confirmed that he had no reservations about Wilkins' competency to plead guilty and that he had sufficient time to investigate the law and facts of the case.

During the hearing, the government provided a detailed proffer of the evidence that it would have presented at trial, including Wilkins' use of violence to control J.J., O.R. and L.H., his role in transporting the victims across state lines and his involvement in creating online advertisements for prostitution. Wilkins admitted that he had engaged in the conduct described by the government, affirming that he did what the government said it could prove at trial. The district court accepted the guilty plea and scheduled sentencing for December 2, 2021.

On August 12, 2021, Caleb again moved to withdraw as counsel, citing "irreconcilable differences" and Wilkins' renewed request for his withdrawal. The district court granted the motion on August 31, 2021. Wilkins then moved to withdraw his guilty plea, claiming that Caleb's assistance was ineffective. He alleged that Caleb had failed to adequately prepare for trial and had pressured him into accepting the plea agreement. Wilkins' motion centered on two claims: (1) Caleb's ineffective assistance rendered his plea involuntary, and (2) he had a viable statute-of-limitations defense that Caleb failed to assert. Specifically, Wilkins argued that the five-year statute of limitations under 18 U.S.C. § 3282(a) barred his prosecution because his last interaction with J.J. (the victim identified in Count 1) occurred in early 2015, more than five years before the December 2020 superseding indictment. The government opposed the motion.

On July 8, 2022, the district court denied Wilkins' motion to withdraw his guilty plea without a hearing. It found that Wilkins' plea was entered knowingly and voluntarily, with no credible evidence of ineffective assistance of counsel. It noted that, although Wilkins expressed dissatisfaction with his original counsel, Caleb had filed multiple pretrial motions, demonstrated reasonable diligence in preparing for trial and provided competent legal advice. Further, the court rejected Wilkins' statute-of-limitations defense, holding that 18 U.S.C. § 3299 applied—a provision which permits prosecution "at any time" for § 1591 offenses. The court also concluded that withdrawing the plea would unfairly prejudice the government by forcing the victims to endure the stress of preparing for trial a second time.

Several months later, the district court sentenced Wilkins to 240 months of imprisonment, followed by 10 years of supervised release. That sentence was below the plea agreement's estimated guidelines range of 324 to 405 months but above the 180-month mandatory minimum.

## II

We review for abuse of its discretion the district court's denial of a motion to withdraw a guilty plea. *United States v. Leyva*, 916 F.3d 14, 22 (D.C. Cir. 2019).

Wilkins' appeal poses a single question for our review: whether the district court abused its discretion by denying Wilkins' motion to withdraw the guilty plea. Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a previously accepted guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." In deciding whether such a reason exists, a court analyzes three factors: "(1) whether the defendant has asserted a viable claim of innocence, (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the Government's ability to prosecute the case, and (3) whether the guilty plea was somehow tainted by a violation of Rule 11." *Leyva*, 916 F.3d at 22 (quoting *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993)) (internal quotation marks omitted). We consider each factor in turn.

3

*Viable claim of innocence*

The first factor requires the defendant to offer a viable claim of innocence, which this court has sometimes characterized as requiring, at a minimum, a "legally cognizable defense" that effectively denies a defendant's culpability. *See id.* at 24 (citing *United States v. Curry*, 494 F.3d 1124, 1129 (D.C. Cir. 2007)). Wilkins exclusively relies on a theory that offenses under 18 U.S.C. § 1591 are governed by the five-year statute of limitations found in 18 U.S.C. § 3282. Appellant Br. 9-10. He is mistaken. As the district court correctly held, that statute of limitations does not apply here because, under 18 U.S.C. § 3299, "[n]otwithstanding any other law, an indictment may be found or an information instituted *at any time without limitation . . .* for any felony under . . . section 1591" (emphasis added). *See also United States v. Briggs*, 592 U.S. 69, 77 (2020) (noting that § 3299 "permit[s] prosecution at any time" for other felonies enumerated in the statute).[*] Wilkins does not claim actual innocence. Because Wilkins' only defense rests on a faulty understanding of the law, this factor favored denying his motion.

*Government prejudice*

As to the second factor, Wilkins asserts with threadbare support that the government would not have been substantially prejudiced by the withdrawal of the plea. Appellant Br. 15-17. Wilkins contends that because some circumstances that other courts have found amounted to substantial prejudice were not present here, there was no substantial prejudice. *Id.* at 16. That is plainly incorrect. The district court acted well within its discretion in finding that the government would be substantially prejudiced by the need to again prepare and gather victims and witnesses, particularly in view of the traumatic events they would have been expected to relive. App. 257-58. This factor, then, also favored denying Wilkins' motion.

*Tainted plea*

On the third and most important factor, Wilkins appears to argue that his guilty plea was tainted because the colloquy with the district court did not satisfy the requirements of Fed. R. Crim. P. 11 and because of the ineffective assistance of counsel. Appellant Br. 11-14.

In reviewing the plea colloquy, we look at the entire record, *see United States v. Lee*, 888 F.3d 503, 505 (D.C. Cir. 2018), and assess the voluntariness *de novo*, *see Marshall v. Lonberger*, 459 U.S. 422, 431 (1983). Wilkins does not identify any specific error committed by the district court. Instead, he asserts that he misunderstood the terms of the plea agreement and was "regularly smoking synthetic marijuana, or K2 . . . including right before he left" to enter his guilty plea. Appellant Br. 14. He also asserts, apparently for the first time, that he was "worried about COVID" and thus "not in the right state of mind to plead" guilty. *Id.* Even crediting Wilkins' assertions, each one is categorically refuted by his own sworn statements. App. 60 (affirming that he understood the plea agreement); *id.* 43-44 (denying that he was under the influence of any narcotic drugs); *id.* (denying that he was sick in any way such that he would be unable to understand the proceedings). *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the

---

[*] Wilkins points to an unpublished out-of-circuit district court decision finding that the § 3282 five-year limitations period applies to offenses under § 1591. *See United States v. Pittman*, No. 13-cr-4510, 2015 WL 4772731, at \*5 (S.D. Cal. Aug. 12, 2015), *aff'd sub nom. United States v. Brown*, 800 F. App'x 455 (9th Cir. 2020). As the district court noted, whether § 3299 should have applied in that case was not litigated either at the trial level or on appeal. App. 255-56 & n.6. At any rate, we are not bound by that decision.

defendant . . . [at the plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceeding. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Jones*, 642 F.3d 1151, 1158 (D.C. Cir. 2011) (A "motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." (quoting *United States v. Shah*, 453 F.3d 520, 523 (D.C. Cir. 2006)). The record establishes that the district court's colloquy was error-free.

The crux of Wilkins' appeal is his contention that the guilty plea was tainted by the ineffective assistance of Caleb, his original counsel. Whether alleged ineffective assistance of counsel tainted a guilty plea is evaluated under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). That test requires Wilkins to show that (1) Caleb's performance was deficient; and (2) but for Caleb's deficiency, Wilkins would have proceeded to trial. *See Curry*, 494 F.3d at 1129, 1131.

Wilkins does not come close to meeting his burden on either prong of the standard. The district court reasonably considered and rejected each of Wilkins' alleged instances of ineffectiveness. App. 248-51. Each is also controverted by Wilkins' own statements at the change-of-plea hearing, during which he affirmed that he was satisfied with Caleb's representation. *Id.* Wilkins was ultimately dissatisfied with Caleb's performance because Caleb urged him to plead guilty based on the enormity of the evidence against him. *See* Appellant Br. 12. But giving that advice in these circumstances does not approach the level of constitutionally deficient performance. *See Curry*, 494 F.3d at 1130 (no deficient performance after counsel told the defendant his case was "hopeless" and advised him to plead guilty).

In addition, Wilkins cannot establish that "there is a reasonable probability that, but for counsel's [purported] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The evidence against Wilkins was overwhelming, he gained a substantial benefit by pleading guilty—the dismissal of nine counts—and the penalties he would have faced had he been convicted at trial might have been considerably more severe than the twenty years of imprisonment to which he was eventually sentenced. *See* Appellee Br. 30-32. Indeed, Wilkins does not expressly assert that he would have proceeded to trial absent Caleb's purportedly deficient representation.

Because Wilkins' guilty plea was tainted neither by Rule 11 error nor ineffective assistance of counsel, the district court did not abuse its discretion in denying his motion to withdraw.

\* \* \*

For the foregoing reasons, we affirm the district court's judgment.